## (May 22, 1964)

■ GENERAL RIVETERS, INC., Respondent, v. MORSE CHAIN COMPANY, Appellant.— Judgment and order unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event, unless the plaintiff shall, within 10 days, stipulate to reduce the verdict to the sum of $50,861, as of the date of the rendition thereof, in which event the judgment is modified accordingly and, as so modified is, together with the order, affirmed, without costs of this appeal to either party. Memorandum: The verdict awards plaintiff $5,499.02 for clutches purchased from and returned to defendant; $21,296.93 for expense of repair and replacement of defective clutches and $200,000 for loss of profits resulting from injury to the reputation of the Martin Company which marketed machines made by plaintiff. On the appeal from the judgment entered after the second trial (15 A D 2d 859) we found that the first item of damages was adequately supported by the evidence; that the proof was not wholly satisfactory with respect to the second item but that we would not disturb the verdict for that reason; and that the amount awarded for loss of profits was grossly excessive. We reach the same conclusions from the record on this appeal. Plaintiff's damages were caused by the use of defective drawn sprag clutches which were attached only to machines manufactured after February 9, 1951 and before the shift to design number 1 machines in the Fall of 1951. The proof of expenses incurred by the Martin Company in replacing clutches fails to show that such replacements were made only on machines manufactured during the time when drawn sprag clutches were used by plaintiff. The proof also fails to demonstrate satisfactorily that plaintiff was not also compensated for some of such replaced clutches in its first cause of action. In fixing the amount to which the verdict should be reduced, however, we have considered that such defects in proof relate to a limited number of items and might be overcome upon a new trial by further proof including exhibits which were marked for identification but were not offered in evidence. We have therefore given plaintiff credit for the full amount allowed to it by the jury in the first two causes of action. However, we find no proof in the record to sustain the award of $200,000 for loss of profits resulting from injury to Martin Company's reputation. In the year 1950 plaintiff's sales to Martin Company amounted to $970,826. Similar 1951 sales were $327,326 less than the amount of 1950 sales and plaintiff's profit on that amount at the average profit rate of 7.352% would have been $24,065. Thereafter, and in the first four months of 1952 Martin's sales reached an all time high monthly average that substantially exceeded the amount of its average monthly sales in 1950. It is recognized that such increased volume of sales does not exclude the remote possibility that the earlier acts of defendant had an adverse effect upon the reputation of Martin Company. But upon all the proof an award of monetary relief for damage to reputation for any period subsequent to 1951 would be based on sheer speculation. The maximum amounts of recovery justified by this record are $5,499.02 on the first cause of action, $21,296.93 on the second cause, and $24,065 on the third cause. (Appeal from judgment of Erie Trial Term in favor of plaintiff in an action for damages for an alleged breach of warranty; also, appeal from order denying motion for a new trial.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.