MORSE CHAIN COMPANY *v.* FORMSPRAG COMPANY.

1. SALES—DESCRIPTION—WARRANTY OF MERCHANTABILITY.
    Goods bought by description from a seller who deals in goods
    of that description, whether he is the grower or manufacturer
    or not, carry an implied warranty under the sales act that
    the goods are of merchantable quality (CL 1948, § 440.15).

2. SAME—EXPRESS WARRANTY—IMPLIED WARRANTY.
    An express warranty or condition does not negative a warranty
    or condition implied under the uniform sales act unless in-
    consistent with it (CL 1948, § 440.15).

3. JUDGMENT—BREACH OF WARRANTIES.
    Judgment in action for breach of warranty by subvendee against
    vendee, in which vendor was tendered the defense, is binding
    against vendor, in action by vendee, on issues litigated in
    first action as to breach of warranty and the resultant dam-
    ages where the quality or condition of the article has not
    changed in passing from vendor to vendee and ultimately to
    subvendee, and the warranties of quality between the parties
    are the same.

4. COURTS—PRECEDENTS.
    The *ratio decidendi* is the law of the case and sets a precedent
    for the future under the principle of *stare decisis.*

5. JUDGMENT—FOREIGN COURT—ADMISSIBILITY IN MICHIGAN.
    Judgment in New York action against seller of clutches by buyer
    holding seller liable for breach of implied warranty of mer-
    chantable quality and consequential damages, which action the
    Michigan manufacturer of clutches who furnished them to
    seller declined to defend upon being invited to defend by
    seller, *held,* determinative of the issues litigated and decided

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur, Sales §§ 341, 344.
[2] 46 Am Jur, Sales § 334.
[3] 46 Am Jur, Sales § 731.
[4] 20 Am Jur 2d, Courts §§ 183, 184.
[5] 20 Am Jur 2d, Courts § 203.
[6] 5 Am Jur 2d, Appeal and Error §§ 702, 705.
[7] 30A Am Jur, Judgments §§ 241, 242.

and damages, and admissible in Michigan action by seller against manufacturer as conclusive evidence of the breach of warranty and damages (CL 1948, § 440.15; McKinney's Consolidated Laws of New York, Personal Property Law, § 96).

6. SAME—DENIAL OF LEAVE TO APPEAL—REVIEW BY SUPREME COURT. Action by Court of Appeals in denying leave to appeal from a circuit court order because of lack of sufficient grounds for an interlocutory appeal *held*, not to be an exercise of judicial discretion which the Supreme Court should not review without a showing of an abuse of discretion by the lower courts since the Supreme Court may make any order which ought to have been made (GCR 1963, 865.1[7]).

7. SAME—ADMISSIBILITY OF FOREIGN JUDGMENT—PRETRIAL MOTION. Pretrial motion of plaintiff, vendee of clutches manufactured by defendant and sold by vendee to a purchaser who obtained a New York judgment against the vendee for breach of implied warranty of merchantability in an action that manufacturer declined to defendant, to admit New York judgment and to determine it to be conclusive on the issues litigated and to be litigated and damages sustained by plaintiff, should have been granted, since the New York judgment was admissible and conclusive as to breach of warranty and of damages and would materially shorten trial of the action in this State (CL 1948, § 440.15; McKinney's Consolidated Laws of New York, Personal Property, § 96; GCR 1963, 865.1[7]).

Appeal from Court of Appeals' denial of leave to appeal from Macomb, Noe (Alton H.), J. Submitted October 5, 1967. (Calendar No. 10, Docket No. 51,540.) Decided April 1, 1968. Rehearing denied May 6, 1968.

Declaration by Morse Chain Company, a New York corporation, against Formsprag Company, a Michigan corporation, to recover damages for breach of warranties. Plaintiff moved for a pretrial ruling on admissibility and effect of a New York judgment rendered against it. Judgment ruled not admissible. Application for leave to appeal to Court of Appeals denied. Delayed application for leave to appeal to Supreme Court granted. Reversed.

*MacFarlane, Tolleson, Burgess & Mead (Hudson Mead,* of counsel), *Falk, Twelvetrees, Johnston & Siemer (Edward D. Seimer,* of counsel), and *Colombo, Vermeulen & Colombo (Louis J. Colombo, Jr.,* of counsel), for plaintiff.

*Dykema, Wheat, Spencer, Goodnow & Trigg, James D. Tracy, Robert V. Seymour,* and *Laurence D. Connor,* for defendant.

DETHMERS, C. J.   This is an appeal, on leave granted, from a Court of Appeals denial of leave to appeal from a circuit court order denying plaintiff's motion for a pretrial ruling of admissibility in this cause of a duly certified copy of a certain judgment against this plaintiff entered in the supreme court of Erie county, New York, and that upon admission it would be conclusive evidence, binding on defendant here, of the issues litigated therein and to be litigated herein, including the amount of damages.

Defendant, a Michigan corporation, was a manufacturer, in this State, of clutches.   It entered into a contract with plaintiff whereby it was agreed that defendant would continue to manufacture clutches and plaintiff would cease to do so, as it had been doing, and would sell defendant's clutches exclusively.   Plaintiff was to have exclusive sales rights of defendant's product and would buy same from defendant for resale to others.   This arrangement between them was acted upon and continued for some time.   Plaintiff took over the account defendant had previously had with General Riveters, Inc., a New York manufacturer of dry-cleaning machines in which it incorporated such clutches.   All sales to the latter of defendant's clutches were thereafter handled by plaintiff and made in New York.   On orders secured by plaintiff from General Riveters,

shipments were made directly to them by defendant so that the clutches never came into the hands of plaintiff.

The agreement between plaintiff and defendant contained the following express warranty of merchantability, *viz.*:

"Article 18. Formsprag warrants to Morse and all subsequent purchasers that all sales made of the products to be manufactured by Formsprag under the terms of this agreement shall be under the express warranties that each and all of said articles are constructed of good and suitable material and free from defects in material and workmanship under normal use and service."

It also provided as follows:

"Article 10. In the normal course of sales endeavor Morse will sell the so-called standard line of Formsprag clutches. It is recognized, however, that many applications may require slight deviations in design in order to satisfy the customers' requirements. In all such cases Formsprag will make every reasonable effort to adequately engineer the necessary designs and supply Morse with the required design drawings and specifications for passing on to the customers. Further, in the event of need for additional features or sizes of clutches to satisfy large potential sales volume, Formsprag will provide the services of its engineering department in an earnest endeavor to supply the necessary additional engineering developments in an effort to make its clutch applicable to such conditions wherever possible."

Sales by defendant to plaintiff in Michigan were covered by the statutory provisions of CL 1948, § 440.15 (Stat Ann 1959 Rev § 19.255):

"(2) Where the goods are bought by description from a seller who deals in goods of that description,

whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be of merchantable quality.

\* \* \*

"(6) An express warranty or condition does not negative a warranty or condition implied under this act unless inconsistent therewith."

Sales in New York by defendant to plaintiff or by either to General Riveters would be covered by the identical provisions of McKinney's Consolidated Laws of New York, Personal Property Law, § 96.

After resales by plaintiff to General Riveters of a number of clutches manufactured by defendant and sold by it to plaintiff, General Riveters brought suit in New York against this plaintiff alleging that the clutches would not properly transmit power and were of improper design and manufacture, and claimed damages for breach of warranty of merchantability, express and implied, and breach of warranty of fitness for a particular purpose, express and implied. This plaintiff tendered the defense of the New York action to this defendant, which refused it on the ground that it did not know the representations and warranties made by this plaintiff to General Riveters.

The New York case was tried and appealed three times. Each time a jury returned a verdict for the plaintiff therein, General Riveters. The first two verdicts appear to have been reversed on appeal because of inadequacy of proofs as to damages, *General Riveters, Inc., v. Morse Chain Company* (1958), 6 App Div 2d 986 (176 NYS2d 473); (1962), 15 App Div 2d 859 (224 NYS2d 746). The third trial resulted in a jury verdict for General Riveters which the appellate division of the supreme court of New York regarded as excessive. Consequently, it ordered the judgment based thereon reversed and a new trial granted, unless plaintiff therein would

within 10 days stipulate to a remittitur or reduction of verdict to $50,861, in which event the judgment was to be modified accordingly and, as modified, affirmed. (1964), 21 App Div 2d 745 (250 NYS2d 81). To this General Riveters agreed, judgment entered accordingly, and this plaintiff paid it, with costs.

The New York appellate court, in its opinion on which such order was predicated, held that "plaintiff's damages were caused by the use of defective drawn sprag clutches". This amounted to a finding of breach of warranty of merchantability.

Plaintiff states the first question involved on this appeal to be:

"Should the New York judgment be admitted at the trial in the circuit court as conclusive evidence of breach of warranty of merchantability by defendant and plaintiff's damages for such breach?"

Plaintiff contends that:

"A vendor of chattels who is tendered the defense of a breach of warranty of quality action brought by a subvendee from vendor's vendee, and who refuses to provide such defense, is bound by the issues litigated and the determinations made in such litigation."

In support, plaintiff cites Michigan cases in which the breach was of warranties of title. *Axford* v. *Graham* (1885), 57 Mich 422, in which tender of the defense was not made; *Fitzpatrick* v. *Hoffman* (1895), 104 Mich 228; *Seitz* v. *People's Savings Bank* (1905), 140 Mich 106. For cases in which the alleged breach of warranties went to the quality of merchandise or products sold, the plaintiff cites from other jurisdictions the following: *Carleton* v. *Lombard, Ayres & Company* (1896), 149 NY 137 (43 NE 422), in which the vendor did participate in the defense of the case against the vendee by his subvendee; and other cases in which the defense was

tendered to the vendor but declined: *Pinney* v. *Geraghty* (1924), 209 App Div 630 (205 NYS 645); *Prescott* v. *LeConte* (1903), 83 App Div 482 (82 NYS 411); *Robert A. Reichard, Inc.,* v. *EZL, Dunwoody Co.* (DC ED Pa, 1942), 45 F Supp 153; *Frank R. Jelleff, Inc.,* v. *Pollak Bros., Inc.* (DC ND Ind, 1957), 171 F Supp 467; *Liberty Mutual Insurance Company* v. *J. R. Clark Company* (1953), 239 Minn 511 (59 NW2d 899; *London Guarantee & Accident Company, Ltd.,* v. *Strait Scale Co.* (1928), 322 Mo 502 (15 SW2d 766).

We think it is the law that with respect to articles in which the quality or condition has not changed in passing from the hands of the vendor to vendee (which did not occur here at all) and ultimately to the subvendee, when the warranties of quality between the respective parties were the same, the judgment in suit for breach thereof by subvendee against the vendee in which the vendor was tendered the defense, is binding against vendor, in a suit by vendee, on the issues litigated in the first suit as to such breach of warranty and the resultant damages. In the case at bar no change in quality or condition of the clutches occurred from time of shipment by defendant, the manufacturing vendor, and ultimate delivery to the subvendee. The defense in the first suit was tendered to the vendor. This leaves but one question. Were the warranties by vendor defendant herein to this plaintiff, on which this suit is brought, the same as those made by the latter to General Riveters for the breach of which the judgment in the New York court was entered?

In view of the identical provisions of the Michigan and the New York statutes with respect to implied warranty of merchantable quality, applicable to the transactions involved in the two cases, the answer to the question would seem to be in the affirmative. Defendant protests, however, on the ground that the

pleadings in the New York case alleged breach of several warranties, including not only warranty of merchantability but, also, warranty of fitness for a particular purpose made by plaintiff to General Riveters but not by this defendant to plaintiff, and further that the jury in the New York case was instructed as to all of them, including warranty of fitness for a particular purpose. Defendant says that it cannot be known on which theory or ground the jury rendered its verdict; that it may well have been on failure of the clutches to meet the requirements of General Riveters' particular purpose and use in construction of dry cleaning machines, as to which this defendant made no warranty. Defendant contends that under such circumstances it cannot be said conclusively that the New York judgment was for breach of the implied warranty of merchantability involved in the case at bar. It contends that the language on the subject in the opinion of the New York appellate court does not amount to an actual holding in that case of breach of warranty of merchantability but is merely an extraneous comment, perhaps *obiter dictum* at best; that it is the trial court judgment, not the appellate court comment, which is controlling of our question of admissibility here. For this defendant quotes from *City of Jackson* v. *Consumers Power Co.* (1945), 312 Mich 437, 451, the following:

" 'We recognize the rule that it is the judgment entered upon such appeal which concludes the parties, and that the parties are not bound by opinions or statements of the court seeking to define the extent to which such judgment shall prejudice the rights of the parties in other actions (23 Cyc p 1218).' *Nott* v. *Gundick* (1921), 216 Mich 217, 222."

In the *Jackson Case* reference was to language in a public service commission opinion. This Court

held that it was not *res judicata* because it did not constitute a part of the commission's "determination, its findings or its ultimate holding or order." In the cited *Nott Case* reliance of the defendant therein seems to have been on language in a decree in another suit determinative of certain rights between the parties therein but which this Court said could not control rights of different parties in other actions. These cases and the quotation therefrom can scarcely stand as authority for the proposition that we should conclude that the New York appellate court did not mean what it said as to what constituted the basis of plaintiff's right to recover, which that court upheld, or that what it said did not mean anything. We had thought this was a *stare decisis* jurisdiction, and New York as well, in which the *ratio decidendi* is the law of the case not only, but, as well, sets a precedent for the future. We do not view *Jackson* or *Nott* as holding to the contrary. What the New York appellate court said in its opinion as to breach of warranty of merchantability being the basis of the right of the plaintiff therein to recover we accept as the determination of what issues were litigated and decided therein and the damages. These cover and are the questions presented by the pleadings in the instant case. Accordingly, we hold the authenticated copy of the New York judgment admissible here and that it is conclusive evidence of the breach of warranty in this case and plaintiff's damages stemming therefrom.

Defendant points to the language of the Michigan Court of Appeals order, denying leave to appeal from the circuit court order, which reads:

"It is ordered that leave to appeal be, and the same is hereby denied for the reason that sufficient grounds for an interlocutory appeal are not present in this case."

Defendant urges that the Court of Appeals acted in the exercise of judicial discretion which this Court ought not to review absent a distinct showing of an abuse of discretion by the Court of Appeals or by the trial court in denying the pretrial order plaintiff sought. However persuasive defendant's arguments and citations in this connection might be deemed to be in a consideration of whether an appeal of right lies or leave should be granted on application, the fact remains that leave to appeal already has been granted by this Court. We do not think improvidently so. It appears that an extended trial occurred in the New York court and that the same could be expected here if the pretrial order plaintiff desires is not granted. If granted, the trial could be disposed of in short order, as the New York judgment would be dispositive of most of the issues to be litigated here. Our view being that the New York judgment is admissible and is conclusive as to breach of warranty and of damages, the trial court should have granted plaintiff's pretrial motion. GCR 1963, 865.1(7), provides that it is competent for this Court to make any order which ought to have been made. We herewith do so.

Reversed. Costs to plaintiff.

KELLY, BLACK, T. M. KAVANAGH, O'HARA, ADAMS, and BRENNAN, JJ., concurred.

SOURIS, J., did not sit.