FORD MOTOR COMPANY v BENDIX CORPORATION

Docket No. 77-621. Submitted February 21, 1978, at Detroit.—Decided May 8, 1978. Leave to appeal applied for.

Ford Motor Company commenced an action against Bendix Corporation seeking indemnification for a jury verdict in a personal injury action wherein products liability was at issue. In the underlying action both Ford and Bendix were defendants. Bendix settled with the plaintiff in the personal injury action and, on the next day, Ford tendered to Bendix the opportunity to defend Ford claiming that Bendix would ultimately have to indemnify Ford for any verdict against Ford because damages would be attributable to a part furnished by Bendix. Bendix declined the tender. The trial court granted summary judgment for plaintiff on a theory of "vouching in", Wayne Circuit Court, Thomas J. Foley, J. Defendant appeals. *Held:*

The "vouching in" theory was applicable because the warranty by Ford Motor Company to the purchaser of its product was the same as the warranty extended to Ford by Bendix on the steering mechanism assembly, a portion of which was furnished by Bendix, and the claim in the personal injury action was limited to that portion of the steering mechanism assembly and because Ford had made a tender of an opportunity to defend. The tender was timely as Bendix had participated in the trial preparation up until the day before settling with the underlying plaintiff.

Affirmed.

1. JUDGMENT—BREACH OF WARRANTY—VENDOR—TENDER OF DEFENSE.
Judgment in action for breach of warranty by subvendee against vendee, in which vendor was tendered the defense, is binding against vendor, in action by vendee, on issues litigated in first action as to breach of warranty and the resultant damages where the quality or condition of the article has not changed in passing from vendor to vendee and ultimately to subvendee, and the warranties of quality between the parties are the same.

REFERENCES FOR POINTS IN HEADNOTES
[1] 67 Am Jur 2d, Sales § 727.
[2] 61 Am Jur 2d, Pleading § 3.

2. ACTION—PRODUCTS LIABILITY—BREACH OF WARRANTY—TENDER OF
   DEFENSE—TIMELY TENDER.

   The tender of the defense of a personal injury-breach of warranty
   action to a vendor by a vendee was timely, even though the
   tender was made five days prior to the trial in the personal
   injury action in which both vendor and vendee were originally
   defendants, where the vendor was thoroughly prepared on the
   issue being litigated and was on notice of all claims asserted
   because it had settled with the plaintiff in the personal injury
   action only the day before the tender was made.

*John N. Highland,* for plaintiff.

*Garan, Lucow, Miller, Lehman, Seward &
Cooper* (by *Sharon C. Ranucci)* and *Peterson, Ross,
Rall, Barber & Seidel* (by *Louis C. Roberts)* of
counsel, for defendant.

Before: BEASLEY, P. J., and BASHARA and D. C.
RILEY, JJ.

BEASLEY, J. Plaintiff seeks indemnification from
defendant arising out of a jury verdict against
plaintiff in the amount of $350,000 in a personal
injury case. The trial court granted summary judg-
ment to plaintiff in the sum of $400,227.38, that
being the sum paid by plaintiff to satisfy the
personal injury judgment together with costs and
fees. The trial judge's written opinion indicates the
summary judgment was based on a theory of
"vouching in", *i.e.,* defendant was bound by the
facts established in the personal injury action and
those facts entitle plaintiff to indemnification as a
matter of law. Defendant appeals as a matter of
right.

Defendant claims that, for two reasons, the doc-
trine of "vouching in" was inapplicable here. First,
defendant says the identity of interest necessary to
application of vouching in was lacking. In support,
defendant claims plaintiff was sued on separate

counts of both breach of warranty and negligence. This means the injured car purchaser *could* have recovered on a negligence theory and not on a breach of warranty theory, in which case, vouching in would not be applicable. Second, defendant says plaintiff's warranties to the purchaser of the car ran not only to the portion of the power steering mechanism manufactured by defendant, but also to the whole car. Defendant's point in this regard is that the car purchaser *could* have recovered on a theory of breach of warranty respecting a part other than the portion of the power steering mechanism furnished by defendant.

These claims do not pass muster. In the personal injury action, the car purchaser specifically alleged that Bendix Corporation manufactured the portion of the steering mechanism which was allegedly defective and the proximate cause of the accident.[1] No change appears to have been made by Ford Motor Company in the steering mechanism assembly parts furnished by defendant. The warranty relied upon by the car purchaser did not differ from the warranty given by defendant to plaintiff.

While plaintiff warranted the entire car to its purchaser, the claims both here and in the personal injury case were limited to the portion of the steering mechanism assembly furnished by defendant.

In the personal injury case, the negligence count was abandoned and the case went to the jury only on the implied warranty count. *Morse Chain Co v Formsprag Co,* 380 Mich 475, 481; 157 NW2d 244 (1968), is controlling of these issues. In *Morse,* the Court said:

"We think it is the law that with respect to articles

---

[1] One week before the personal injury trial, Bendix settled with the car purchaser for $49,000.

in which the quality or condition has not changed in passing from the hands of the vendor to vendee (which did not occur here at all) and ultimately to the subvendee, when the warranties of quality between the respective parties were the same, the judgment in suit for breach thereof by subvendee against the vendee in which the vendor was tendered the defense, is binding against the vendor, in a suit by vendee, on the issues litigated in the first suit as to such breach of warranty and the resultant damages."

Last, defendant claims plaintiff's tender of suit was unseasonable and unreasonable under the Uniform Commercial Code.[2] Defendant claims the tender came only five days before trial of the personal injury case.[3] Defendant refused the tender of defense and chose not to defend the product liability case. While, in many situations, five days notice might be insufficient, in this case, defendant had been on notice for over a year of the alleged manufacturing defect and had participated in discovery.

Defendant settled the day before receiving the tender of defense. It seems clear defendant was thoroughly prepared on the very issue that was litigated and was on notice of all claims asserted.

---

[2] *See,* MCL 440.2607; MSA 19.2607 and MCL 440.1204; MSA 19.1204.

[3] Plaintiff's letter, dated May 16, 1973, stated:

"I have been instructed by Ford Motor Company to advise you as the attorney for Bendix that, in the event that trial of this matter results in judgment against Ford, that Ford Motor Company will seek indemnity against Bendix for the judgment it is ultimately required to pay, together with attorney fees and other trial expenses.

"While I realize that it is close to the trial date, I also know that you have done most of any necessary trial preparation, in anticipation of defending the case for Bendix, even though I now understand the suit against Bendix by the plaintiff has been settled. If it is Bendix' desire to do so, it or you as its attorneys may assume the defense of the pending suit against Ford, in which event I will, of course, as will Ford and its employees and expert witnesses, cooperate fully."

For these reasons, we find that plaintiff's tender of suit was seasonable and reasonable whether considered in view of the requirements of the common law doctrine of "vouching in" or the codification of that doctrine in the Uniform Commercial Code.[4] We decline to find that the tender of defense was not timely given.

We are satisfied that in accordance with *Morse,* defendant was properly vouched in. The judgment entered on the jury's verdict in the personal injury case against this plaintiff, including the findings implicit therein, is binding against defendant in the within case. This defendant is not entitled to relitigate those issues here. The grant of summary judgment in favor of plaintiff was not clearly erroneous.

Affirmed, with costs.

---

[4] MCL 440.2607(5)(a); MSA 19.2607(5)(a). The Uniform Commercial Code practice commentary prepared by the able and experienced Professor Roy L. Steinheimer, Jr., states:

"Subsection 2607(5)(a) sets up a statutory procedure for 'vouching in' a seller who is answerable over to a buyer for a breach of warranty or other obligation on which the buyer is being sued by a subsequent buyer. This is an improvement on the common law 'vouching' procedures recognized by the Michigan decisions." 21 MCLA p 586.