OLD KENT BANK v KAL KUSTOM ENTERPRISES

Docket No. 231915. Submitted December 3, 2002, at Grand Rapids. Decided February 28, 2003, at 9:10 A.M.

Old Kent Bank, an assignee of J & M Marine, Inc., brought suit in Berrien Circuit Court against Kal Kustom, Inc., and Kal Kustom Enterprises, alleging breach of contract and warranty of sale regarding a contract between J & M Marine and Kal Kustom for the manufacture of a power boat. Kal Kustom, Inc., was dismissed from the action. On cross-motions for summary disposition, the trial court, Paul L. Maloney, J., granted summary disposition in favor of Kal Kustom Enterprises on the basis that the plaintiff did not provide the defendant with timely notice of a prior lawsuit, as required by MCL 440.2607(5)(a). The plaintiff appealed.

The Court of Appeals *held*:

The circuit court erred in granting summary disposition in favor of the defendant on the basis that the defendant did not receive timely notice of a prior lawsuit under MCL 440.2607(5)(a), because the plain language of the statute indicates that the giving of notice is discretionary, not mandatory, and thus the plaintiff was not barred from asserting the present action. The plaintiff is not entitled to a grant of summary disposition in its favor on appeal, because it is unclear from the record whether there existed genuine issues of fact material to the disposition of the plaintiff's claims. The order of the circuit court must be reversed, and the matter must be remanded to the circuit court.

Reversed and remanded.

UNIFORM COMMERCIAL CODE — SALES — ACTIONS — NOTICE.

A buyer who is sued for breach of warranty or other obligation for which the buyer's seller is answerable has discretion over whether to give the seller notice of the suit under MCL 440.2607(5)(a).

*Steven E. Bratschie & Associates, PC* (by *Steven E. Bratschie*), for the plaintiff.

*Britton & Bossenbroek, P.C.* (by *David L. Bossenbroek*), for the defendant.

Before: SAWYER, P.J., and GAGE and TALBOT, JJ.

PER CURIAM. Plaintiff Old Kent Bank (Old Kent) filed suit in this action as an assignee of J & M Marine, Inc.'s rights against defendant Kal Kustom Enterprises (Kal Kustom).[1] The trial court granted summary disposition to Kal Kustom. We reverse and remand.

### I. FACTUAL BACKGROUND

The factual and procedural history of this case is somewhat complex. In February 1997, Daniel Popp purchased a powerboat through J & M Marine. Old Kent financed the sale, with J & M Marine acting as guarantor. J & M Marine contracted directly with Kal Kustom to provide the boat, which was manufactured by Magic Powerboat Sales, Inc. The transfer of the boat occurred sometime in the summer of 1997, and the boat did not conform to Popp's specifications. These defects resulted in correspondence from J & M Marine's attorney to Kal Kustom, dated August 20, 1997, notifying it of the defects in the boat. On September 11, 1997, Kal Kustom's attorney sent a response letter requesting "whatever documentation you have regarding the alleged deficiencies in the boat so we will have specific information to work from." On September 17, 1997, Old Kent's attorney sent a letter promising pertinent information, but it is unclear whether any further correspondence was sent to Kal Kustom.

Meanwhile, in November 1997, Old Kent filed suit (the 1997 suit) against Popp and J & M Marine for the

---

[1] Kal Kustom, Inc., was dismissed from the instant case and plaintiff does not appeal the dismissal.

balance due on the installment sales contract for the boat. Popp filed a counterclaim against Old Kent, and a cross-claim against J & M Marine, alleging misrepresentation/fraud, breach of contract, violation of the Michigan Consumer Protection Act, MCL 445.901 *et seq.*, and seeking indemnification. In August 1998, Popp, J & M Marine, and Old Kent entered into a stipulated order permitting Old Kent to sell the boat and apply the proceeds to the balance of the sales contract. Popp and J & M Marine waived their rights to notice with regard to the sale, and J & M Marine assigned Old Kent all the rights and claims it had against Magic Powerboat Sales, Inc., and Kal Kustom. In October 1998, J & M Marine and Popp entered into a settlement agreement and general release of all claims under which Popp was released from all further liability for the boat, and J & M Marine agreed to pay Popp $4,800. Old Kent sold the boat for $40,500, leaving a deficiency of $26,436.05. Popp refused to pay the deficiency and was released from that lawsuit in March 2000. However, Old Kent's claim against J & M Marine remained.

In April 1999, Old Kent, as assignee of J & M Marine, filed the instant action against Magic Powerboat Sales, Inc., and Kal Kustom.[2] In its complaint, Old Kent alleged Kal Kustom breached its contract and warranty of sale with J & M Marine with regard to the boat. Both parties thereafter filed cross-motions for summary disposition. Kal Kustom asserted that Old Kent has no right to assert claims against it because Old Kent failed to provide proper

---

[2] A default was entered against Magic Powerboat Sales, Inc., and it is not a party to this appeal.

notice of the previous 1997 litigation involving Old Kent, Popp, and J & M Marine. According to Kal Kustom, J & M Marine was required to have placed Kal Kustom on notice of the previous lawsuit, and because it did not, Old Kent was precluded from bringing the instant action. Further, Kal Kustom contended that J & M Marine's liability to Old Kent was based on the retail installment sales contract between Popp and J & M Marine, and because Kal Kustom was not a party to that contract, J & M Marine has no liability in excess of the $4,800 settlement amount.

Old Kent insisted that Kal Kustom had multiple opportunities to step forward and defend the previous case but chose not to defend. Further, Old Kent claimed that Kal Kustom was made aware of the defects in the boat through the August 1997 letter. Old Kent, however, admitted that while Kal Kustom was on notice of the defects, it did not become aware of the previous litigation until the instant action was filed in 1999, and did not have written notice or tender of J & M Marine's defenses until May and July 2000, when Old Kent's attorney wrote to Kal Kustom advising it of the suit against J & M Marine, and asking whether it wished to vouch in with regard to that lawsuit.

The trial court granted summary disposition to Kal Kustom pursuant to MCR 2.116(C)(10). In its opinion, the court focused its decision on the notice provision in MCL 440.2607(5)(a), finding that Kal Kustom did not receive proper notice of the 1997 lawsuit. Further, the court held that the notices given in May and July 2000 were not timely:

> The only notification consisting of the opportunity to "vouch in" the 1997 lawsuit arrived with the May 18 and

July 6 [2000] letter to KKE. However, the posture of the 1997 lawsuit since its inception has fundamentally changed. A partial list of fundamental changes would include sale of the boat, waiver of Popp and J & M is [sic] rights under the UCC, waiver of public notice of the sale of the boat, inability to bid on the boat during its public sale, among others. All these events prejudice KKE. Accordingly, the Court finds that the May and July letters offering KKE an opportunity to defend J & M were not seasonable receipt of notice within the meaning of MCL 440.2607(5). KKE was entitled to *timely* notice so that its interests could be protected. No timely notice was given here.

Therefore, because Kal Kustom did not receive proper notice of the 1997 suit, the court found there were no genuine issues of material fact in dispute, and granted summary disposition to Kal Kustom.[3]

Old Kent now argues that the trial court erred in granting Kal Kustom summary disposition. Old Kent contends that, although Kal Kustom did receive notice of the 1997 litigation, MCL 440.2607(5)(a) does not *require* that notice be given.

## II. STANDARD OF REVIEW

A trial court's decision regarding a motion for summary disposition is reviewed de novo. *Singerman v Muni Service Bureau, Inc*, 455 Mich 135, 139; 565 NW2d 383 (1997). Summary disposition may be granted pursuant to MCR 2.116(C)(10) when, except with regard to the amount of damages, there is no genuine issue about any material fact. When deciding a motion for summary disposition pursuant to MCR

---

[3] We note that in November 2000, a judgment was entered in the 1997 lawsuit between Old Kent and J & M Marine in favor of Old Kent in the amount of $52,103.76.

2.116(C)(10), a court must consider all pleadings, affidavits, depositions, and other documentary evidence in the light most favorable to the nonmoving party. *Ritchie-Gamester v Berkley*, 461 Mich 73, 76; 597 NW2d 517 (1999). The nonmoving party has the burden of rebutting the motion by showing, through evidentiary materials, that a genuine issue of disputed fact does exist. *Smith v Globe Life Ins Co*, 460 Mich 446, 455; 597 NW2d 28 (1999).

Questions regarding the interpretation and construction of statutes are questions of law, which this Court also reviews de novo. *Stozicki v Allied Paper Co*, 464 Mich 257, 263; 627 NW2d 293 (2001).

### III. ANALYSIS

In granting Kal Kustom's motion for summary disposition, the trial court focused its decision on MCL 440.2607(5)(a), which provides for the giving of notice by a buyer to a seller of an action against the buyer for an obligation for which the seller is liable. The trial court summarily decided that the notice of the 1997 lawsuit given by Old Kent to Kal Kustom was not timely and, thus, granted summary disposition to Kal Kustom in the present suit. In deciding that the notice was not timely, the trial court implicitly found that notice was required to have been given. However, it is important to note that in the current proceedings, Old Kent is not attempting to bind Kal Kustom to the 1997 proceedings. Further, there is no authority suggesting that "vouching in" is the only method of recovery from a party potentially liable for a nonconforming sale. Thus, our analysis rests with the statutory language in MCL 440.2607(5)(a), and we must determine whether the statute required notice to

have been given to Kal Kustom, and the possible effect of the failure to give that notice.

We begin by addressing plaintiff's argument that MCL 440.2607(5)(a) is inapplicable because the buyer of the defective boat did not accept the boat. Plaintiff claims that MCL 440.2607 applies only to buyers who accept goods, not to buyers who reject them. According to plaintiff, Popp and J & M Marine clearly rejected the defective boat. We decline to address the issue whether MCL 440.2607(5)(a) applies to a buyer who rejects the goods because the issue whether MCL 440.2607(5)(a) required notice to be given is controlling.[4]

MCL 440.2607(5)(a) states:

(5) Where the buyer is sued for breach of a warranty or other obligation for which his seller is answerable over

(a) he may give his seller written notice of the litigation. If the notice states that the seller may come in and defend and that if the seller does not do so he will be bound in any action against him by his buyer by any determination of fact common to the 2 litigations, then unless the seller after seasonable receipt of the notice does come in and defend he is so bound.

---

[4] We note Kal Kustom's contention that Old Kent's claim is actually based on recourse liability pursuant to an installment sales contract to which defendant was not a party, which precludes Kal Kustom from liability. Beyond the fact that Kal Kustom cited little legal support for its contention, the trial court did not specifically address this issue; therefore, we need not address it. See *Candelaria v B C Gen Contractors, Inc*, 236 Mich App 67, 83; 600 NW2d 348 (1999). However, we note that although Old Kent made references to recourse liability, it claimed that Kal Kustom delivered a nonconforming boat in breach of contract and implied warranties between J & M Marine and Kal Kustom. We are unable to find that Old Kent has not properly pursued Kal Kustom for all claims held by J & M Marine.

MCL 440.2607(5)(a) is Michigan's Uniform Commercial Code, MCL 440.1101 *et seq.*, codification of the common-law practice of vouching in parties to a lawsuit who may ultimately be liable for a nonconforming sale. *Ford Motor Co v Bendix Corp*, 83 Mich App 108, 111-112; 268 NW2d 305 (1978). By its terms, this statute applies to force a seller, who receives proper notice, to defend in a suit brought by a third party against the buyer, or be bound by any factual determinations made during that suit in any future suit brought by the buyer against the seller.

The only published Michigan case interpreting MCL 440.2607(5)(a) is *Ford, supra.* That case involved a claim for indemnification from the defendant arising out of a jury verdict against the plaintiff in a personal-injury case. This Court determined that because notice of the prior litigation was seasonable, the defendant was properly vouched in and the judgment entered on the jury's verdict in the personal-injury case against the plaintiff, including the factual determinations, was binding against the defendant in the subsequent indemnification litigation. However, in that case, this Court addressed whether the notice given to the seller was seasonable notice, not whether the notice was required to be given. Therefore, that case is of little use for resolution of the issue presently before this Court.

The primary goal of statutory interpretation is to determine and give effect to the intent of the Legislature. *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 159; 615 NW2d 702 (2000). The Court must first examine the language of the statute, *Stozicki, supra* at 263, affording each word used its common and ordinary meaning, *Nawrocki, supra.* If the statutory

language is clear and unambiguous, it reflects the intent of the Legislature and judicial construction is not permitted. *Michalski v Bar-Levav*, 463 Mich 723, 731; 625 NW2d 754 (2001). This Court will not read anything into a statute that is not within the manifest intent of the Legislature. *In re S R*, 229 Mich App 310, 314; 581 NW2d 291 (1998).

The language of MCL 440.2607(5)(a) is clear and unambiguous. The statute's plain language reflects its discretionary nature. Again, the statute states that where a buyer is sued for breach of warranty or other obligation for which his seller is liable, he "*may* give his seller written notice of the litigation." MCL 440.2607(5)(a) (emphasis added). The word "shall" is generally used to designate a mandatory provision, *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 65; 642 NW2d 663 (2002), while "may" designates discretion, *People v Brown*, 249 Mich App 382, 386; 642 NW2d 382 (2002). As a general rule, "the word 'may' will not be treated as a word of command unless there is something in the context or subject matter of the act to indicate that it was used in such a sense." *Mill Creek Coalition v South Branch of Mill Creek Intercounty Drain Dist*, 210 Mich App 559, 565; 534 NW2d 168 (1995). Therefore, the Legislature's use of the word "may" signifies that it intended the section to outline a permissive, as opposed to mandatory, action available to a buyer.

Further emphasizing the permissive nature of subsection 2607(5)(a) is the fact that a review of other subsections set forth in MCL 440.2607(5) indicates that the Legislature intentionally made some portions of the statute mandatory, and others permissive. Subsections 2607(3)(a) and 2607(3)(b) contain the man-

datory "must" in terms of notice.[5] If the Legislature intended subsection 2607(5)(a) to be mandatory, it would have used similar mandatory language.

The trial court erred in finding the notice provision in MCL 440.2607(5)(a) to be mandatory. Because the explicit language in the statute does not require notice to be given, the trial court erred in granting summary disposition to defendant on the basis of the failure to provide proper notice.

MCL 440.2607(5)(a) was codified in the Uniform Commercial Code and adopted in Michigan without modification. See UCC 2-607. Nothing in the statute requires a buyer to give the seller notice of the litigation against the buyer or be forever barred from bringing subsequent litigation against the seller.[6] The statute works to bind the seller to factual determinations made in the prior litigation against the buyer if the buyer gave the seller proper notice of the litigation and the seller refuses to defend. Therefore, it follows that under the statute, the only effect the failure to provide proper notice in this case could have is that Kal Kustom is not bound by the factual determinations in the 1997 lawsuit. MCL 440.2607(5)(a) does

---

[5] Specifically, MCL 440.2607(3)(a) and (b) state:

(3) Where a tender has been accepted

(a) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy; and

(b) if the claim is one for infringement or the like . . . and the buyer is sued as a result of such a breach he must so notify the seller within a reasonable time after he receives notice of the litigation or be barred from any remedy over for liability established by the litigation.

[6] See, e.g., 3 Friedman & Frumer, Products Liability, § 15.08(3), p 15-176.

not bar Old Kent from bringing action against Kal Kustom.

Old Kent requests that in reversing the trial court's decision, this Court order summary disposition in Old Kent's favor. The trial court did not specifically address the issues of breach of contract and implied warranties in denying Old Kent's motion for summary disposition; therefore, this Court need not address the propriety of summary disposition regarding these claims. See *Candelaria v B C Gen Contractors, Inc*, 236 Mich App 67, 83; 600 NW2d 348 (1999). On the basis of the record, we are unable to determine that there exist no genuine issues of fact material to the disposition of Old Kent's claims as assignee of J & M Marine.

Reversed and remanded. We do not retain jurisdiction.