# STATE OF MICHIGAN

# COURT OF APPEALS

CARMEN ESQUIVEL,

Plaintiff-Appellant,

v

LASSEN PONTIAC BUICK CADILLAC, INC.,

Defendant-Appellee.

UNPUBLISHED
April 19, 2018

No. 337633
Calhoun Circuit Court
LC No. 2016-002013-NO

Before: O'BRIEN, P.J., and CAVANAGH and STEPHENS, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting summary disposition in defendant's favor under MCR 2.116(C)(10) in this slip and fall case. We affirm.

On August 1, 2013, plaintiff dropped off her vehicle for repairs at defendant's service department. Upon her return, the service advisor, Spencer Wilson, recognized plaintiff and waved her into the service department through one of the large, open garage doors. Wilson was the only one there. After plaintiff took three to six steps into the garage, she slipped and fell backwards. She did not know what she slipped on until she got up and noticed that the back of her shirt was wet. Wilson helped plaintiff up and also noticed that her back was wet. Wilson examined the area where plaintiff fell and found a small spot of clear, water-like substance on the ground. It looked to him like it was water that had dripped from a vehicle's air conditioning system. It was a hot summer day and it had not been raining. However, no one had seen the substance on the floor before plaintiff fell. This premises liability lawsuit followed.

Defendant eventually moved for summary disposition, arguing that it had no notice, either actual or constructive, of the allegedly hazardous condition that caused plaintiff to fall. Plaintiff argued that defendant had constructive notice of the hazardous condition based on the nature and use of the service department and its duty to inspect the premises. The trial court, relying on *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1; 890 NW2d 344 (2016), held that plaintiff had not presented any evidence demonstrating that defendant either knew or should have known about the substance on the ground before plaintiff fell. Accordingly, defendant's motion for summary disposition was granted. This appeal followed.

Plaintiff argues that defendant had constructive notice of the hazardous condition; therefore, the trial court erred in granting summary disposition in favor of defendant. We disagree.

-1-

We review de novo a trial court's decision on a motion for summary disposition. *Old Kent Bank v Kal Kustom Enterprises*, 255 Mich App 524, 528; 660 NW2d 384 (2003). A motion for summary disposition under MCR 2.116(C)(10) tests whether there is factual support for a claim and should be granted when there is no genuine issue regarding any material fact. *Universal Underwriters Group v Allstate Ins Co*, 246 Mich App 713, 720; 635 NW2d 52 (2001). In reaching that decision, the court must consider all pleadings, affidavits, depositions, and other documentary evidence in the light most favorable to the nonmoving party. *Cowles v Bank West*, 476 Mich 1, 32; 719 NW2d 94 (2006). A party moving for summary disposition under MCR 2.116(C)(10) meets its burden by submitting affirmative proof that negates an essential element of the nonmovant's claim or by demonstrating that the nonmovant's evidence is insufficient to establish an essential element of the claim. *Lowrey*, 500 Mich at 7 (citation omitted).

It is undisputed that plaintiff was an invitee of defendant and her negligence claim is based on premises liability. To succeed in a negligence claim based on premises liability,

> an invitee must show that the premises owner breached its duty to the invitee and that the breach constituted the proximate cause of damages suffered by the invitee. A premises owner breaches its duty of care when it knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect. [*Lowrey*, 500 at 8 (quotation marks and citations omitted).]

Thus, an essential element of a premises liability claim is the defendant's knowledge of the alleged defect. *Id*. at 12. The defendant must have had either actual or constructive notice of the dangerous condition at issue. *Id*. at 9 (citation omitted). To establish this notice element, the plaintiff must demonstrate either that the defendant knew about the dangerous condition or that the defendant should have known of it because of its character or the duration of its existence. *Id*. at 11.

Here, as in the *Lowrey* case, plaintiff failed to submit affirmative proof sufficient to demonstrate a question of fact regarding defendant's actual or constructive notice of the allegedly dangerous condition at issue. Plaintiff does not even contend that defendant had actual notice of the condition. Rather, plaintiff argues that defendant should have had notice of the condition because "when vehicles are brought into the service garage for repairs or service in the hot summer months there is a certain likelihood that the vehicle will leak fluids." However, the focus of inquiry is on the specific or particular condition that gave rise to plaintiff's claims. The issue is whether the alleged "hazard was of such a character, or had existed for a sufficient time, that a reasonable premises possessor would have discovered it." *Id*. at 11-12. Plaintiff presented no evidence tending to show when the hazardous condition arose or that the condition had existed for a sufficient time for defendant to have discovered it. Further, as in *Lowrey*, "plaintiff presented no evidence that the hazardous condition in this case was of such a character that the defendant should have had notice of it." See *id*. at 12. Plaintiff and Wilson testified that the back of plaintiff's clothes were wet after she fell and Wilson found a small spot of clear, water-like substance on the ground. However, these two characteristics—wetness and clear fluid—do not give rise to an inference that defendant should have noticed the condition. In other words, these characteristics are not unique qualities that made the allegedly dangerous condition readily observable so that a reasonable premises possessor would have discovered it. And the fact that

neither plaintiff nor her companion noticed the clear, wet condition before plaintiff fell supports that conclusion.

In summary, viewing the evidence in a light most favorable to plaintiff as the nonmoving party, defendant met its burden by demonstrating that plaintiff's evidence is insufficient to establish an essential element of her claim—that defendant had actual or constructive notice of the allegedly dangerous condition before plaintiff fell. See *id*. at 7, 9. Accordingly, the trial court properly granted defendant's motion for summary disposition under MCR 2.116(C)(10).

Affirmed.

/s/ Colleen A. O'Brien
/s/ Mark J. Cavanagh
/s/ Cynthia Diane Stephens