# STATE OF MICHIGAN

# COURT OF APPEALS

SPIRITLOVE MINISTRIES INTERNATIONAL,

        Plaintiff-Counterdefendant-
        Appellee,

v

BLESSED PEACE CHURCH OF GOD IN
CHRIST,

        Defendant-Counterplaintiff-
        Appellant,

and

HENDERSON MEMORIAL METHODIST
CHURCH and THE DETROIT ANNUAL
CONFERENCE OF THE UNITED METHODIST
CHURCH,

        Defendants.

UNPUBLISHED
November 20, 2018

No. 338834
Wayne Circuit Court
LC No. 16-016359-CH

Before: MURRAY, C.J., and METER and GLEICHER, JJ.

PER CURIAM.

Defendant Blessed Peace Church of God in Christ (Blessed Peace Church) appeals as of right the trial court's order quieting title of certain property in favor of plaintiff, Spiritlove Ministries International (Spiritlove Ministries), upon summary disposition pursuant to MCR 2.116(C)(10). We affirm.

On June 30, 1931, the property in dispute was conveyed to the Methodist Union of Greater Detroit by warranty deed. On June 18, 1948, the Methodist Union of Greater Detroit conveyed the property by warranty deed to Henderson Memorial Methodist Church (Henderson Church). The deed included the following language:

> IN TRUST, that said premises shall be used, kept, and maintained as a divine place of worship of the Methodist ministry and members of the Methodist Church; subject to the Discipline, usage, and ministerial appointments of said

-1-

Church as from time to time authorized and declared by the General Conference and by the Annual Conference within whose bounds the said premises are situated. This provision is solely for the benefit of the grantee, and the grantor reserves no right or interest in said land.

On October 1, 1968, Henderson Church incorporated into the United Methodist Church. The incorporation included two amendments, Article IV and Article V, to Henderson Church's articles of incorporation. Article IV stated:

The members of said church or society shall worship and labor together according to the Discipline, rules and usages of The United Methodist Church in the United States of America, as from time to time authorized and declared by the General Conference and by the Annual Conference in whose bounds it is situated.

Article V stated, "All property held by said Corporation shall be held in trust for The United Methodist Church, and subject to the discipline and usage of said Church, as from time to time authorized and declared by the General Conference and by the Annual Conference within whose bounds the said premises are situated."

On March 1, 2012, Henderson Church forfeited the property to the Wayne County Treasurer for nonpayment of real property taxes.

The 2012 Book of Discipline of the United Methodist Church (the Discipline) provides, among other things, ecclesiastical rules and procedures for property managed in trust for the church. Section 2549.3 of the Discipline states:

Abandonment – When a local church property is no longer used, kept, or maintained by its membership as a place of divine worship, the property shall be considered abandoned, and when a local church no longer serves the purpose for which it was organized and incorporated . . . the annual conference trustees may assume control of the real and personal, tangible and intangible property. . . . The conference trustees may proceed to sell or lease said property, retain the proceeds in an interest-bearing account and recommend the disposition of the proceeds in keeping with the annual conference policy.

On March 21, 2013, after Henderson Church forfeited the property, The Detroit Annual Conference of the United Methodist Church (DACUMC) approved a finding that the property was abandoned pursuant to Section 2549.3 of the Discipline. After finding that the property was abandoned, it assumed control of the property pursuant to Section 2549.3 of the Discipline. It then conveyed the property to Spiritlove Ministries in a quitclaim deed.

On April 4, 2013, Blessed Peace Church, an unrelated church, attempted to redeem the property by paying the owed property taxes. It then moved onto the property, continued to occupy the property, and paid the utility bills on the property.

Blessed Peace Church then filed a quiet-title action. Spiritlove Ministries filed a motion for summary disposition in that case. The trial court concluded that Blessed Peace Church had no legal interest in the property and that its lien, filed with the Wayne County Register of Deeds, was invalid. Because of those determinations, the trial court concluded that Spiritlove Ministries' counterclaim "to Determine Interests in Land" was moot.

At some point, Spiritlove Ministries filed a separate action and sought possession of the property. On August 8, 2016, Spiritlove Ministries and Blessed Peace Church entered into a consent agreement providing that Spiritlove Ministries could apply for an order to evict if the occupier did not move out by August 31, 2016. However, Blessed Peace Church obtained a quitclaim deed from Henderson Church conveying the property to Blessed Peace Church, which then sought to have the consent judgment set aside. Spiritlove Ministries responded with the quiet-title action that is at issue in the present appeal. Ultimately, the trial court granted Spiritlove Ministries' motion for summary disposition, thus quieting title to the property in favor of Spiritlove Ministries.

We review de novo a trial court's decision regarding summary disposition. *Old Kent Bank v Kal Kustom, Inc*, 255 Mich App 524, 528; 660 NW2d 384 (2003). A motion for summary disposition pursuant to MCR 2.116(C)(10) tests whether there is factual support for a claim, and granting the motion is appropriate when there is no genuine issue concerning any material fact. *Universal Underwriter's Group v Allstate Ins Co*, 246 Mich App 713, 720; 635 NW2d 52 (2001). When deciding a motion for summary disposition pursuant to MCR 2.116(C)(10), a court must consider all pleadings, affidavits, depositions, and other documentary evidence in the light most favorable to the nonmoving party. *Cowles v Bank West*, 476 Mich 1, 32; 719 NW2d 94 (2006).

The objective in interpreting a deed is to give effect to the grantor's intent as expressed in the language of the deed. See *Mich Dep't of Natural Resources v Carmody-Lahti Real Estate, Inc*, 472 Mich 359, 370; 699 NW2d 272 (2005). "[A] fee simple subject to a condition subsequent is an absolute grant [of property rights] to which a condition is appended." *City of Huntington Woods v City of Detroit*, 279 Mich App 603, 621; 761 NW2d 127 (2008) (quotation marks and citation omitted). "[A] fee simple subject to a condition subsequent is subject to a power in the grantor to terminate the estate on the happening of a specified event, such as a breach of a condition." *Id*. (quotation marks and citation omitted). "[A] 'right of entry' refers to the interest remaining in the grantor where an estate on condition subsequent has been created." See *Ludington & N Ry v Epworth Assembly*, 188 Mich App 25, 36; 468 NW2d 884 (1991) (citation omitted). An estate in fee simple subject to a condition subsequent does not terminate until the entity possessing the right of entry exercises said right. *Id*.

The 1948 deed from the Methodist Union of Greater Detroit that conveyed the property by warranty deed to Henderson Church contained a condition subsequent, i.e., that the property "shall be used, kept, and maintained as a divine place of worship of the Methodist ministry and members of the Methodist Church[.]" Henderson Church, as transferee of the deed, became subject to the condition subsequent expressed in the deed. The DACUMC concluded that, after Henderson Church forfeited the property for unpaid real property taxes, the property was no longer being maintained as a divine place of worship and had been abandoned.

Although the grantor used language in the 1948 deed indicating that it did not retain a right of entry itself, it provided for that right of entry for the DACUMC. The evidence demonstrated that the DACUMC found that the property was abandoned. The DACUMC then approved an internal motion to assume control of the property and authorize the sale of the property. Thus, it exercised its right of entry under the authority granted by the 1948 deed and the authority and procedures outlined in § 2549.3 of the Discipline. The DACUMC then conveyed the property to plaintiff.

The ecclesiastical abstention doctrine does not allow us to redetermine the correctness of the DACUMC's actions. See *Smith v Calvary Christian Church*, 462 Mich 679, 684; 614 NW2d 590 (2000) (quotation marks and citation omitted) ("civil courts may not redetermine the correctness of an interpretation of canonical text or some decision relating to government of the religious polity"). The United Methodist Church, of which Henderson Church was a member, allowed itself to be governed and bound by the Discipline and by the decisions of the Annual Conference. The Discipline allowed the Annual Conference, here the DACUMC, to determine if a property was deemed abandoned, and if so deemed, to exercise control over the property in trust for the United Methodist Church and sell the property. This is exactly what the DACUMC did. It determined, pursuant to its ecclesiastical texts and authority, that the property was abandoned. It then took control of the property and authorized its sale pursuant to its authority under the Discipline. Given the ecclesiastical abstention doctrine, this Court will not disturb the correctness of the authority granted to the DACUMC by the Discipline of the United Methodist Church.

In light of ecclesiastical decisions, the 1948 deed, and caselaw pertaining to conditions subsequent, we conclude that the trial court did not err in concluding that no genuine issue of material fact existed regarding the chain of title to the property. The trial court did not err in granting summary disposition to Spiritlove Ministries.

Affirmed.


/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Elizabeth L. Gleicher