*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PETITION OF MARQUETTE COUNTY TREASURER.

MARQUETTE COUNTY TREASURER,

Petitioner-Appellant,

v

TAMARA LEE NIEMI,

Respondent-Appellee.

UNPUBLISHED
April 10, 2025
10:54 AM

No. 368250
Marquette Circuit Court
LC No. 22-061517-CZ

Before: GADOLA, P.J., and WALLACE and ACKERMAN, JJ.

PER CURIAM.

This case involves the interpretation and application of MCL 211.78t of the General Property Tax Act (GPTA), MCL 211.1 *et seq*. Petitioner, Marquette County Treasurer, appeals by leave granted the circuit court's order requiring petitioner to deem respondent, Tamara Lee Niemi, in compliance with the notice requirement in MCL 211.78t(2).[1] For reasons stated herein, we vacate that portion of the circuit court's order directing petitioner to consider respondent as having filed effective notice under MCL 211.78t(2) and remand to the circuit court for further proceedings.

## I. RELEVANT FACTS AND PROCEEDINGS

In 2020, the Supreme Court issued its decision in *Rafaeli, LLC v Oakland Co*, 505 Mich 429, 484; 952 NW2d 434 (2020), where it held that former property owners whose properties have been foreclosed and sold to satisfy delinquent taxes have a "cognizable, vested property right to

---

[1] *In re Petition of Marquette Co Treasurer*, unpublished order of the Michigan Court of Appeals, entered December 11, 2023 (Docket No. 368250).

the surplus proceeds resulting from the tax-foreclosure sale of their properties."[2] Subsequent to *Rafaeli*, the legislature added a provision to the GPTA, MCL 211.78t, which outlines how former owners may claim and receive such excess proceeds. To start the process of recovering excess proceeds, MCL 211.78t(2) requires former property owners to notify the foreclosing governmental unit of their intention to claim those proceeds by submitting Department of Treasury Form 5743, signed and sworn, by the statutory deadline. At issue in this appeal is whether a circuit court may ignore the plain language of MCL 211.78t(2) by ordering that the former property owner need not provide Form 5743 to the foreclosing governmental unit (FGU) and ordering the FGU to consider the notice requirements of § 78t(2) having been satisfied despite having never received the form.

Respondent owned two parcels of real property in Marquette County, one in Negaunee and one in Ishpeming, and fell behind on the payment of property taxes for both. After complying with the statutory notice requirements, petitioner, acting as the FGU, foreclosed on respondent's properties, effective March 31, 2023.[3] After the foreclosure, petitioner sent an additional notice to respondent that explained her right to recover remaining proceeds after sale of the property, and stating that, "in order to make a claim, you must submit notice of intention to claim interest in foreclosure sale proceeds Form 5743 to the Marquette County Treasurer no later than July 3, 2023." The notice also indicated that she could access Form 5743 by visiting "www.miTaxNotice.com/form5743" or by contacting the Marquette County Treasurer.

Respondent did not provide petitioner with the sworn written notice required by MCL 211.78t(2). Instead, acting *in propria persona*, respondent filed two motions for relief from the judgment of foreclosure on June 13, 2023, one for each parcel. After hearing oral argument, the circuit court entered an order denying respondent's motions to reverse the foreclosure, but also ordering petitioner to consider respondent as having provided the notice required by MCL 211.78t(2). The court found that respondent had manifestly expressed a desire to receive the excess proceeds "given the fact that she has tried to fight the foreclosure itself." The court's order also stated that:

> requiring [respondent] to further file a Michigan DOT form 5743 in order to preserve her property rights would be an arbitrary requirement and undue burden when the intent of the statute is to ensure the foreclosing unit knows someone is claiming an interest and the foreclosing unit does not have to wait around wondering how much time should pass without hearing from anyone before going ahead and forfeiting the excess proceeds as well. In this case, Ms. Niemi has made

---

[2] Surplus or excess proceeds consist of proceeds from the tax-foreclosure sale in excess of the delinquent taxes, interest, penalties, and fees. *Rafaeli*, 505 Mich at 483-484.

[3] An affidavit signed by the Marquette County Treasurer stated that, regarding the Negaunee property, two certified letters and 11 first class letters were sent to respondent at her P.O. Box as well as the address on the deed, and that she personally delivered and posted a notice of foreclosure proceedings on the door of the Negaunee property. The affidavit also stated that, regarding the Ishpeming property, four certified letters and 21 first class letters were sent to respondent at four different addresses, and that she personally delivered and posted a notice of foreclosure proceedings on the door of the Ishpeming property. In total, respondent alleges that over three dozen notices were sent to respondent regarding the overdue tax payments, before foreclosure.

it abundantly clear that she wishes to have any excess proceeds from the sale of the properties.

Petitioner now appeals.

## II.  ANALYSIS

Petitioner argues that the trial court erred by issuing an order that is contrary to the plain, unambiguous language of MCL 211.78t(2), which requires claimants of excess tax-foreclosure proceeds to initiate the process of recovery by submitting Department of Treasury Form 5743.  We agree.

We review de novo a circuit court's interpretation and application of a statute.  *Makowski v Governor*, 317 Mich App 434, 441; 894 NW2d 753 (2016).  The primary task in statutory interpretation is to discern and give effect to the Legislature's intent, focusing on the statute's plain language.  *Mich Ass'n of Home Builders v City of Troy*, 504 Mich 204, 212; 934 NW2d 713 (2019).  When the language is clear and unambiguous, the statute must be enforced as written, without further judicial construction.  *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002).

MCL 211.78t establishes the exclusive mechanism for former property owners to claim any excess proceeds remaining after the foreclosure and sale of tax-delinquent properties.  MCL 211.78t(11).  MCL 211.78t(2) mandates that a claimant seeking remaining proceeds must notify the FGU using a form prescribed by the Department of Treasury, specifically Form 5743.  Use of the term "must," like use of its synonym, "shall," indicates a mandatory directive, leaving no room for judicial discretion or deviation.  See *Old Kent Bank v Kal Kustom, Enterprises*, 255 Mich App 524, 532; 660 NW2d 384 (2003).

Subsequent to the amendment of the GPTA, this court noted that the Legislature intended MCL 211.78t as the exclusive mechanism for claiming and recovering remaining proceeds.  *In re Petition of Muskegon Treasurer for Foreclosure*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 363764); slip op at 5.  We also held the following: that the statutory deadline and notice requirements do not violate due-process rights, *id*. at ___; slip op at 8; that the notice requirement contained in subpart (2) is not unduly burdensome, *id*. at ___; slip op at 7; and that the result of failing to file a timely notice is not unreasonably harsh, *id*. at ___; slip op at 6-7.

Consideration of the plain language of MCL 211.78t and the rules of statutory interpretation resolves the issue raised by petitioner in this matter.  MCL 211.78t(2) mandates that claimants who intend to seek excess proceeds from the tax-foreclosure sale of their properties must notify the FGU using a form prescribed by the Department of Treasury, i.e., Form 5743.  Despite that plain unambiguous language, the circuit court construed the statute as not requiring petitioner to submit a signed and sworn Form 5743 in this matter, effectively rewriting § 78t(2).  Such a holding defied established principles of statutory construction.  "The Legislature is presumed to have intended the meaning it has plainly expressed, and if the expressed language is clear, judicial construction is not permitted and the statute must be enforced as written."  *Robertson v DaimlerChrysler Corp*, 465 Mich 732, 748; 641 NW2d 567 (2002).  See, also, *Pohutski*, 465 Mich at 683.  Claimants seeking to recover remaining proceeds from tax-foreclosure sales must comply

with the notice requirement of MCL 211.78t(2) by filing Department of Treasury Form 5743 by the specified deadline, and circuit courts are without authority to waive or alter this statutory requirement on the basis of considerations of fairness or equity. See *Thomas v Dutkavich*, 290 Mich App 393, 413 n 9; 803 NW2d 352 (2010).

For the foregoing reasons, we vacate that portion of the circuit court's order directing petitioner to consider respondent as having given effective notice of her intention to recover excess foreclosure proceeds from the two properties that are the subject of this matter, and remand to the circuit court for further proceedings.

Vacated in part, affirmed in part, and remanded. We do not retain jurisdiction.


/s/ Michael F. Gadola
/s/ Randy J. Wallace
/s/ Matthew S. Ackerman