ALLSTATE INSURANCE COMPANY v MUSZYNSKI

Docket No. 229720. Submitted September 11, 2002, at Detroit. Decided
September 24, 2002, at 9:05 A.M. Leave to appeal sought.

Allstate Insurance Company brought an action in the Wayne Circuit
Court against Michael, Walter, and Charlotte Muszynski and Ursula
Hall, as personal representative of the estates of Michael J. Muszyn-
ski and Daniel S. Muszynski, seeking a declaration that it has no
duty as the homeowner's insurer of all the Muszynskis to defend
and indemnify the defendants Muszynski against a wrongful death
action brought by Hall for the deaths of Michael J. and Daniel S.
Muszynski. The court, Susan D. Borman, J., denied summary dispo-
sition for the plaintiff and granted summary disposition for the
defendants, rejecting the plaintiff's argument that, in light of the
fact that it was not contested that all the Muszynskis were insured
persons under the plaintiff's policy, coverage was excluded by a
policy provision stating: "We do not cover bodily injury to an
insured person or property damage to property owned by an
insured person whenever any benefit of this coverage would accrue
directly or indirectly to an insured person." The plaintiff appealed.

The Court of Appeals *held*:

The exclusion at issue also applies to exclude an insured per-
son's estate from coverage. Coverage is excluded in the present
case because the benefit of coverage would accrue to the dece-
dents' estates.

Reversed and remanded for entry of order of summary disposi-
tion for the plaintiff.

INSURANCE — HOMEOWNER'S INSURANCE — LIABILITY.

A homeowner's insurance policy provision that excludes coverage for
bodily injury to an insured person or property damage to property
owned by an insured person whenever any benefit of coverage
would accrue directly or indirectly to an insured person applies to
exclude coverage for an insured with respect to a wrongful death
action brought against that insured by the personal representative
of the estate of a decedent who was also an insured under the
policy.

*Garan Lucow Miller, P.C.* (by *Rosalind Rochkind*), for Allstate Insurance Company.

*Crawforth, McManus, Tenbrunsel & Ulrich* (by *Robert Tenbrunsel*) for Ursula Hall.

Before: O'CONNELL, P.J., and GRIFFIN and HOEKSTRA, JJ.

PER CURIAM. Plaintiff Allstate Insurance Company appeals as of right from a circuit court order denying its motion for summary disposition and granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(10) in this action for declaratory judgment. Plaintiff commenced this lawsuit requesting a determination whether it is obligated to defend and indemnify defendants Walter, Charlotte, and Michael Muszynski in regard to a wrongful death action brought against them by defendant Ursula Hall, as personal representative of the estates of Michael James and Daniel Stephens Muszynski. We reverse and remand.

This action arises from the deaths of Michael James and Daniel in a fire at the home where they lived with their father, Michael, and grandparents, Walter and Charlotte. Walter and Charlotte owned the home and were the named insureds of a homeowner's insurance policy issued by plaintiff. There is no dispute that, at the time of the fire, Michael and the deceased children were "insured persons" as defined in the policy.

Plaintiff argues that it has no duty to defend or indemnify the insured Muszynskis in the wrongful death action because of the following exclusion in the homeowner's policy:

*We* do not cover *bodily injury* to an *insured person* or *property damage* to property owned by an *insured person* whenever any benefit of this coverage would accrue directly or indirectly to an *insured person*. [Emphasis in original.]

Plaintiff maintains that this exclusion is applicable because the deceased children were "insured persons" under the policy and the benefit of the coverage would accrue to their estates. Accordingly, because there is no coverage for the claims of the estates, there is no coverage for Hall's claim as a recipient of the proceeds of the estate, even though Hall herself is not an insured person under the policy.

The trial court rejected plaintiff's argument that liability coverage for a wrongful death action that would benefit the estates would benefit the deceased children. The court ruled that coverage does not benefit a deceased person and any benefit to an insured person's estate is not the same as benefit to an insured person.

Plaintiff asserts that the phrase "whenever any benefit of this coverage would accrue directly or indirectly to an *insured person*" is not a limitation on the applicability of the exclusion; rather, it was added to clarify that the exclusion applies when the benefit to the insured is indirect, such as when an insured seeks coverage for a contribution claim. See, e.g., *Whirlpool Corp v Ziebert*, 197 Wis 2d 144, 152-154; 539 NW2d 883 (1995), and 9 Couch, Insurance, 3d, § 128:4, pp 128-9—128-10 (both interpreting the exact policy language at issue).

The construction and interpretation of an insurance contract is a preliminary question of law for a court to determine. *Henderson v State Farm Fire & Casu-*

*alty Co*, 460 Mich 348, 353; 596 NW2d 190 (1999). On appellate review, we employ the de novo standard. *Id.* We look at the language of the insurance policy and interpret its terms in accordance with the principles of contract construction. *Id.* at 353-354. Where there is no ambiguity, an insurance contract must be enforced as written in accordance with its terms. *Id.* at 354.

Regardless of whether the "whenever" phrase in this policy is a limitation on or a clarification of an exclusion, we agree with plaintiff's position that the exclusion also applies to exclude an insured person's estate from coverage. Plaintiff correctly argues that coverage is excluded in the present case because the benefit of the coverage would accrue directly or indirectly to an insured person, i.e., the insured decedents' estates. See *Whirlpool, supra.*

We disagree with the trial court's conclusion that coverage will not benefit the deceased children and that benefit to their estates is not a benefit to an "insured person" as defined in the policy. We emphasize that in the present matter, at the time of the relevant triggering event, the fire, the children were indisputably insured persons under the policy. Absent the "whenever" phrase at issue, mere exclusions for bodily injuries to an insured have been held in other jurisdictions to bar liability coverage for a wrongful death claim brought by a noninsured following the death of an insured. See, e.g., *Cincinnati Indemnity Co v Martin*, 85 Ohio St 3d 604, 609; 710 NE2d 677 (1999); *State Farm Fire & Casualty Co v Lewis*, 191 Cal App 3d 960; 236 Cal Rptr 807 (1987); *Cameron Mut Ins Co v Dilbeck*, 637 SW2d 363 (Mo App, 1982);

*American Motorists Ins Co v Moore*, 970 SW2d 876 (Mo App, 1998).

Moreover, two jurisdictions have applied the exact policy language at issue in favor of the insurer. *Whirlpool, supra*; *Brown v Madison*, 139 Ohio App 3d 867; 745 NE2d 1141 (2000). Plaintiff's position is also supported by Couch on Insurance 3d, an insurance law treatise. The treatise indicates that the insurance industry added the phrase "whenever any benefit of this coverage would accrue directly or indirectly to an insured person" in order to "make explicit their intent to exclude from coverage" third-party claims brought against an insured by a party that had been sued for injuries to another insured. *Id.* at § 128:4, pp 128-9—128-10.

Had the children survived the fire, the policy clearly would not have covered their claims for their own injuries. It does not matter that a representative actually brought the suit on behalf of the children's estates. "[T]he personal representative . . . who asserts a cause of action on behalf of a deceased stands in the deceased's place for all purposes [i]ncident to the enforcement of that claim, including rights and privileges personal to the deceased in his lifetime." *McNitt v Citco Drilling Co*, 60 Mich App 81, 88; 230 NW2d 318 (1975).

> Even though the wrongful death act is for the benefit of certain persons, the cause of action is a derivative one whereby the personal representative of the deceased stands in the latter's shoes. The suit is brought on behalf of the deceased. The cause of action belongs to the deceased. [*Toth v Goree*, 65 Mich App 296, 298; 237 NW2d 297 (1975) (citation omitted).]

Thus, the benefit of indemnifying the insured Muszynskis would flow directly to the children's estates, in violation of the policy. See, e.g., *In re Venneman's Estate*, 286 Mich 368, 377-378; 282 NW 180 (1938) (suit under former version of wrongful death act compensates the deceased).

The circuit court's order denying plaintiff's motion for summary disposition and granting summary disposition in favor of defendants is reversed. This case is remanded for entry of an order granting plaintiff's motion for summary disposition and dismissing the case. We do not retain jurisdiction.