# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID GURSKI,

       Plaintiff-Appellee,

v

MOTORISTS MUTUAL INSURANCE
COMPANY,

       Defendant,

and

FARM BUREAU INSURANCE COMPANY,

       Defendant-Appellant,

and

MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY

       Defendant-Appellee.

FOR PUBLICATION
October 17, 2017
9:00 a.m.

No. 332118
Wayne Circuit Court
LC No. 14-008077-NF

Before: SAAD, P.J., and CAVANAGH and CAMERON, JJ.

SAAD, P.J.

      In this no-fault priority case, defendant Farm Bureau Insurance Company (Farm Bureau) appeals the trial court's order that denied its motion for summary disposition. For the reasons provided below, we reverse and remand for entry of summary disposition in favor of Farm Bureau.

## I. NATURE OF THE CASE

      This case arises from an accident involving a vehicle and plaintiff. Plaintiff was working outside the vehicle when the vehicle slipped into gear and injured him. Plaintiff thereafter sought the recovery of personal protection insurance (PIP) benefits under Michigan's no-fault act, MCL 500.3101 *et seq*. The resolution of this case depends on the proper interpretation of an

-1-

insurance policy issued by Farm Bureau, who insured the vehicle for comprehensive coverage, and a portion of the no-fault act.

The trial court ruled, incorrectly, that because plaintiff qualified as an "insured" under the policy and because the vehicle was a "covered auto" on the policy because it was listed on the policy for comprehensive coverage, plaintiff could recover PIP benefits from Farm Bureau. However, and most importantly, because the vehicle was not a "covered auto" for the purposes of PIP benefits, plaintiff cannot rely on the insurance policy to recover those benefits from Farm Bureau. In other words, the policy undoubtedly expanded on who typically is considered an "insured" to include plaintiff, but that specific expansion did not alter the actual coverage provided by the policy. Here, the policy clearly did not provide PIP coverage for the vehicle, which means that plaintiff cannot recover PIP benefits based on the terms of the policy that Farm Bureau issued.

The trial court also ruled that MCL 500.3115(1) of the no-fault act requires Farm Bureau to provide PIP benefits to plaintiff regardless of the coverage listed in the policy. MCL 500.3115(1) can indeed require insurers to provide PIP benefits although they did not provide PIP coverage for the vehicle involved in the accident. However, in order to recover under this provision, the owner of the vehicle involved in the accident must have PIP coverage from some source. Here, the owner of the vehicle did not have PIP coverage (through Farm Bureau or otherwise). While Farm Bureau's policy provided PIP coverage to other vehicles, it cannot be said that the *owner* was covered. The named insured on the policy was a company, and the owner was named as a "designated insured" in Farm Bureau's policy *solely* for purposes of liability insurance, not PIP coverage. Therefore, Farm Bureau is not a PIP insurer of the owner of the vehicle that was involved in the accident. Consequently, MCL 500.3115(1) does not allow plaintiff to recover PIP benefits from Farm Bureau.

Accordingly, the trial court erred when it ruled that Farm Bureau was liable to pay PIP benefits to plaintiff. We reverse and instruct the court to grant summary disposition in favor of Farm Bureau.

## II. BASIC FACTS

The underlying facts are undisputed. Plaintiff is the owner of Gurski Auto Repair Shop and Services. On June 24, 2013, plaintiff was injured while working on a 1993 Jeep Wrangler at his shop. When plaintiff tried to jump-start the Jeep's battery, the Jeep somehow slid into gear and ran over his leg.

The owner of the Jeep is Andy Frazier (Mr. Frazier). Mr. Frazier's business, Frazier Construction, LLC, had an insurance policy with Farm Bureau. On that policy, it listed Frazier Construction as the "named insured." However, elsewhere in the policy, it listed Mr. Frazier as a "designated insured." The endorsement related to the "designated insured" provides, in pertinent part:

> Each person or organization shown in the Additional Interest Schedule as a
> Designated Insured is an "insured" for LIABILITY COVERAGE, but only to the

extent that person or organization qualifies as an "insured" under the WHO IS AN INSURED provision contained in Section II of the Coverage Form.

We will pay the damages for which the Designated Insured becomes legally liable only if the damages arise out of the negligence of the Named Insured.

The policy listed three different vehicles: a 2011 trailer, the 1993 Jeep that was involved with the accident, and a 2004 Ford F250 truck. However, while the Ford F250 and trailer had personal injury protection (PIP) coverage, the Jeep did not.[1] Under the "Michigan Personal Injury Protection" section of the policy, it states in pertinent part:

We will pay personal injury protection benefits to or for an "insured" who sustains "bodily injury" caused by an "accident" and resulting from the ownership, maintenance, or use of an "auto" as an "auto."

And under "WHO IS AN INSURED," the policy states:

1. You or any "family member".

2. Anyone else who sustains "bodily injury":

* * *

c. While not occupying any "auto" as a result of an "accident" involving a covered "auto".

The policy also included a section, titled "Elimination of Mandatory Coverage," which states:

In accordance with the named Insured's request, coverages mandatory under Michigan's No-Fault Auto Insurance Law have been eliminated from a vehicle(s) covered by the policy. The company shall not be liable for loss, damage, and/or liability caused while such a vehicle(s) is moved or operated.

Plaintiff attempted to recover PIP benefits through all three defendants. Defendant Motorists Mutual, who had issued a no-fault policy to plaintiff's business, denied the claim because plaintiff was not a named insurer under its policy. Defendant Farm Bureau denied coverage because the policy does not provide PIP benefits for the Jeep. And defendant Michigan Automobile Insurance Placement Facility (MAIPF) refused to assign plaintiff's claim to an insurer because it determined that Farm Bureau was liable for providing coverage. Plaintiff thereafter filed suit.

MAIPF filed a motion for summary disposition and argued that it should be dismissed from the case because coverage is available under the Farm Bureau policy. Farm Bureau argued

---

[1] Because of the Jeep's poor condition, it was not able to be driven; thus, pursuant to MCL 500.3101(1), Mr. Frazier opted to remove all but comprehensive coverage for the vehicle.

that it cannot be liable for PIP benefits because it is not an insurer of the owner of the Jeep for purposes of no-fault benefits.

After receiving competing motions for summary disposition from the various parties, the trial court issued its order, which denied Farm Bureau's motion and partially granted plaintiff's and motion.[2] The court found that Farm Bureau was obligated to cover plaintiff's PIP benefits and explained:

> The [Michigan Personal Injury Protection] endorsement further defines an "Insured" as "anyone who sustains bodily injury . . . while not occupying any 'auto' as a result of an 'accident' involving a covered auto. The declarations page lists the Jeep as a "covered auto". The Plaintiff, David Gurski, was injured while not occupying the Jeep. As a result of the express policy language in the Endorsement, David Gurski is entitled to the PIP coverages outlined in the Endorsement.

The trial court also found that, aside from the express policy language, Farm Bureau was obligated to provide the coverage under MCL 500.3115(1), which states:

> Except as provided in subsection (1) of section 3114, a person suffering accidental bodily injury while not an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:
>
> (a) Insurers of owners or registrants of motor vehicles involved in the accident.
>
> (b) Insurers of operators of motor vehicles involved in the accident.

The court relied on *Pioneer State Mut Ins Co v Titan Ins Co*, 252 Mich App 330; 652 NW2d 469 (2002), and observed that the owner of the vehicle involved in the accident was Mr. Frazier and that he was a designated insured under the Farm Bureau policy. The court opined that, as a result, Farm Bureau is the insurer of the owner of the vehicle that was involved in the accident. The court expressly stated that it did not need to address Farm Bureau's argument that it did not provide PIP coverage for the Jeep.

Farm Bureau moved for reconsideration and argued that the policy clearly did not provide PIP coverage for the Jeep. Farm Bureau also argued that MCL 500.3115 could not be used to provide plaintiff with PIP benefits because Mr. Frazier, while named as a designated insured, had no personal no-fault coverage. Instead, Mr. Frazier was only covered under the policy's liability coverage for negligence. Farm Bureau further argued that any reliance on *Pioneer* is misplaced because, unlike in *Pioneer*, there is no match between the owner of the vehicle (Mr. Frazier) and the named insured on the PIP policy (Frazier Construction).

---

[2] The court also granted defendant Motorists Mutual's motion and dismissed it as a party. This decision is not part of this appeal.

The trial court later denied Farm Bureau's motion for reconsideration.

## III. STANDARDS OF REVIEW

This Court reviews a trial court's decision on a motion for summary disposition de novo. *McLean v City of Dearborn*, 302 Mich App 68, 72; 836 NW2d 916 (2013). When reviewing a motion under MCR 2.116(C)(10), this Court "must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence in favor of the party opposing the motion." *Baker v Arbor Drugs, Inc*, 215 Mich App 198, 202; 544 NW2d 727 (1996). The motion is properly granted if (1) there is no genuine issue related to any material fact and (2) the moving party is entitled to judgment as a matter of law. *Klein v HP Pelzer Auto Sys, Inc*, 306 Mich App 67, 75; 854 NW2d 521 (2014).

The construction and interpretation of an insurance contract is a preliminary question of law that we review de novo. *Allstate Ins Co v Muszynski*, 253 Mich App 138, 140-141; 655 NW2d 260 (2002). Likewise, we also review a trial court's interpretation and construction of a statute de novo. *Old Kent Bank v Kal Kustom Enterprises*, 255 Mich App 524, 529; 660 NW2d 384 (2003).

## IV. ANALYSIS

The trial court determined that Farm Bureau was liable for paying PIP benefits to plaintiff under two theories: under the express language of the policy and statutorily under MCL 500.3115(1).

## A. TERMS OF THE POLICY

The trial court erroneously found that from the express terms of the insurance policy that plaintiff was owed PIP benefits.

While interpreting an insurance contract, "[w]e look at the language of the insurance policy and interpret its terms in accordance with the principles of contract construction." *Allstate Ins*, 253 Mich App at 141. The primary rule in contract interpretation is to ascertain the parties' intent. *Shay v Aldrich*, 487 Mich 648, 660; 790 NW2d 629 (2010). "If the contractual language is unambiguous, courts must interpret and enforce the language as written because an unambiguous contract reflects the parties' intent as a matter of law." *Hastings Mut Ins Co v Safety King, Inc*, 286 Mich App 287, 292; 778 NW2d 275 (2009). Unambiguous contractual language is to be construed according to its plain meaning. *Shay*, 487 Mich at 660. And "[c]lear and specific exclusionary provisions must be given effect, but are strictly construed against the insurer and in favor of the insured." *Hastings Mut Ins*, 286 Mich App at 292.

The insurance policy provides, in pertinent part, as follows:

**ITEM TWO   Schedule of Coverages and Covered Autos**

This policy provides only those coverages where a charge is shown in the Premium Summary column, below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos"

for a particular coverage by the entry, next to the name of the Business Auto Coverage, of one or more of the symbols from the COVERED AUTO Section of the Business Auto Coverage Form.

Under the "Premium Summary" column, the policy lists $115.00 in premiums for Personal Injury Protection. Thus, the policy does provide PIP coverage, but as the second sentence in ITEM TWO provides, the PIP coverage only applies to those vehicles that are shown as covered vehicles for PIP coverage. Under the BUSINESS AUTO COVERAGE FORM, it states that if a "7" symbol appears next to the coverage in ITEM TWO, then only those vehicles described in ITEM THREE "for which a premium charge is shown" are covered for that particular coverage. Here, a "7" symbol does appear next to the Personal Injury Protection entry in ITEM TWO. Thus, whether an individual vehicle has PIP coverage is determined by whether there are any premiums listed for that coverage under ITEM THREE of the policy. Under ITEM THREE, while there are PIP premiums listed for both the trailer ($10) and the Ford F250 ($105), there is no premium listed for the Jeep. Thus, it is abundantly clear that the policy does not provide any coverage for PIP benefits related to the Jeep.[3]

The trial court's reliance on the Michigan Personal Injury Protection endorsement as allowing or "reviving"[4] PIP coverage for the Jeep is misplaced. Under the Michigan Personal Injury Protection endorsement, it states, in pertinent part:

### A. COVERAGE

We will pay personal injury protection benefits to or for an "insured" who sustains "bodily injury" caused by an "accident" and resulting from the ownership, maintenance, or use of an "auto" as an auto". . . .

### B. WHO IS AN INSURED

**1.** You or any "family member".

**2.** Anyone else who sustains "bodily injury":

\* \* \*

**c.** While not occupying any "auto" as a result of an "accident" involving a covered "auto".

The trial court is correct that plaintiff suffered a bodily injury while not occupying the Jeep. However, the court erred when it cursorily stated, "The declarations page lists the Jeep as a 'covered auto.' " While the Jeep is listed in the policy, it was listed only for comprehensive

---

[3] As reinforcement to what has already been stated, ITEM THREE contains the following language: "Coverage provided for each Covered Auto is limited to the specific coverages and liability limits for which a premium is shown."

[4] In its order denying Farm Bureau's motion for reconsideration, the trial court stated that "even if the policy itself excludes PIP coverage through the Jeep, the PIP Endorsement brings PIP coverage back in."

coverage and did not have any PIP coverage. Thus, it was not a "covered auto" for purposes of PIP benefits. Importantly, nothing in the language of this endorsement changed the underlying scope of the coverage. Instead, it merely allows others that normally would not have been able to claim PIP benefits (due to not being a named insured) to do so as an insured *under the existing policy*. Accordingly, the trial court erred when it held that plaintiff was entitled to PIP benefits from the express language of the policy.

B. MCL 500.3115(1)

The trial court also incorrectly found that plaintiff was entitled to PIP benefits pursuant to MCL 500.3115(1). "The judiciary's objective when interpreting a statute is to discern and give effect to the intent of the Legislature. First, the court examines the most reliable evidence of the Legislature's intent, the language of the statute itself." *Book-Gilbert v Greenleaf*, 302 Mich App 538, 541; 840 NW2d 743 (2013) (citation omitted). When doing so, courts are to "giv[e] each and every word its plain and ordinary meaning unless otherwise defined." *Id.* (quotation marks and citation omitted). "If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted." *Whitman v City of Burton*, 493 Mich 303, 311; 831 NW2d 223 (2013).

MCL 500.3115(1) provides as follows:

Except as provided in subsection (1) of section 3114, a person suffering accidental bodily injury while not an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

(a) Insurers of owners or registrants of motor vehicles involved in the accident.

(b) Insurers of operators of motor vehicles involved in the accident.

As the trial court noted, this Court has interpreted this provision before. In *Pioneer*, 252 Mich App at 336, this Court stated:

This statutory language clearly states that the insurer of *the owner or registrant* of the motor vehicle involved in the accident is liable for payment of personal protection insurance benefits. . . . Stated another way, the statute does not mandate that the vehicle involved in the accident must have been insured by the insurer of the owner before an injured person can seek benefits. [Emphasis added.]

In *Pioneer*, a pedestrian was injured by a vehicle that was owned by John Miller, Sr. *Id.* at 332. While Miller did not insure the vehicle, he had PIP coverage through two other vehicles he owned. *Id.* Accordingly, the Court held that the insurer for those two other vehicles was liable under MCL 500.3115(1) for providing PIP benefits to the injured pedestrian. *Id.* at 337. The Court noted that holding the insurer liable in this instance was consistent with the Legislature's "intent that *persons* rather than *vehicles* be insured against loss." *Id.* at 336-337 (emphasis added), citing *DAIIE v Home Ins Co*, 428 Mich 43, 49; 405 NW2d 85 (1987), *Lee v DAIIE*, 412

Mich 505, 516; 315 NW2d 413 (1982), and *Universal Underwriters Group v Allstate Ins Co*, 246 Mich App 713, 725-730; 635 NW2d 52 (2001).

Thus, the fact that the Jeep here was not covered by a PIP policy is not relevant. What is relevant is whether the Jeep's owner, Mr. Frazier, was insured for PIP benefits elsewhere. Contrary to the trial court's determination, we hold that Farm Bureau's policy did not provide PIP coverage to Mr. Frazier. The trial court relied on the fact that Farm Bureau's policy provided PIP coverage to the Ford F250—though true, the court failed to fully appreciate the fact that the named insured on that policy was Frazier Construction, not Mr. Frazier the individual. Mr. Frazier was named elsewhere in the policy as a "designated insured," but upon closer examination, this designation only provided Mr. Frazier with liability coverage. The endorsement that names Mr. Frazier as a "designated insured" states:

> Each person or organization shown in the Additional Interest Schedule as a Designated Insured is an "insured" for LIABILITY COVERAGE . . . .

> We will pay the damages for which the Designated Insured becomes legally liable only if the damages arise out of the negligence of the Named Insured.

Thus, it is clear that, because Mr. Frazier is only named as a designated insured for purposes of liability coverage,[5] the policy did not provide any PIP coverage to Mr. Frazier. Rather, the insured for PIP benefits is Frazier Construction. Cf. *Dawley v Hall*, 319 Mich App 490, 497; ___ NW2d ___ (2017) (recognizing that an "LLC is a separate and distinct legal entity from that of its . . . members"). Accordingly, Farm Bureau cannot be considered an insurer of the owner of the vehicle that was involved in the accident for purposes of MCL 500.3115(1).

---

[5] We reject MAIPF's argument that the language is not exclusive and should be read to provide liability coverage without precluding other coverages. While there may be some doubt if one solely relies upon this "designated insured" provision, elsewhere, the "Additional Interest Schedule" in the policy states:

> The following have an interest in the Indicated Covered Auto:

> [Chase Auto Finance]

> The following have an interest in the Liability Coverage provided by this policy:

> [Andy Frazier]

It is important to note that under this "Additional Interest Schedule," it does not mention any additional interests, except for Indicated Covered Auto and Liability Coverage. The omission of other interests, such as personal injury protection, is an indication that no other interests were contemplated. Cf. *Alcona Co v Wolverine Environmental Prod, Inc*, 233 Mich App 238, 247; 590 NW2d 586 (1998) (stating that "the expression of one thing is the exclusion of another").

We recognize that, technically, through the liability coverage it provided, Farm Bureau is an insurer of Mr. Frazier. However, we find that MCL 500.3115(1)(a)'s reference to "[i]nsurers of the owners" cannot be read in a vacuum. Indeed, when reading the statute as a whole, as we must, *Bush v Shabahang*, 484 Mich 156, 167; 772 NW2d 272 (2009), it is clear that MCL 500.3115(1)(a)'s reference to "[i]nsurers" is in the context of insurers *who provide PIP coverage*. MCL 500.3115(1) states, in relevant part, that

> a person suffering accidental bodily injury while not an occupant of a motor vehicle shall claim *personal protection insurance benefits from insurers* in the following order of priority:
>
> (a) Insurers of owners or registrants of motor vehicles involved in the accident.

Thus, subsection (a)'s use of "[i]nsurers" is a reference to the previously mentioned "insurers," from which the injured person is seeking personal protection insurance benefits. Hence, the insurers that are contemplated in the legislative scheme are those that are providing PIP coverage. And here, Farm Bureau does not provide any PIP coverage to Mr. Frazier and therefore it is not an "insurer" of Mr. Frazier for the purposes of MCL 500.3115.[6]

Reversed and remanded for entry of summary disposition in favor of Farm Bureau and other proceedings consistent with this opinion. We do not retain jurisdiction. Farm Bureau, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Henry William Saad
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron

---

[6] If no such limitation were read into the statute, then an injured person could claim PIP benefits from *any* insurer of the owner of the vehicle involved in the accident, regardless of what type of insurance the insurer provides. For example, without requiring the insurer to provided PIP coverage to the vehicle's owner, an injured person could then recover PIP benefits from the owner's life insurance company because that company nonetheless "insures" the owner of the vehicle that was involved in the accident. Such a construction is not consistent with the manifest intent of the Legislature.