# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIS HENDERSON,

        Plaintiff-Appellee/Cross-Appellant,

and

IRVINE HEAD INJURY, INC.,

        Intervening Plaintiff-
        Appellant/Cross-Appellee

v

STATE FARM AUTOMOBILE INSURANCE
COMPANY,

        Defendant-Appellee/Cross-
        Appellee.

UNPUBLISHED
December 4, 2018

No. 338349
Wayne Circuit Court
LC No. 15-007376-NF

Before: O'BRIEN, P.J., and TUKEL and LETICA, JJ.

PER CURIAM.

Intervening plaintiff, Irvine Head Injury, Inc. ("Irvine"), appeals by right the trial court's order granting defendant, State Farm Automobile Insurance Company, summary disposition pursuant to MCR 2.116(C)(10). Plaintiff, Willis Henderson, cross-appeals from the same order. We reverse and remand to the trial court for further proceedings.

Plaintiff was involved in a motor vehicle accident in June 2014. On that date, plaintiff was driving on Livernois Avenue in Detroit, Michigan. Livernois Avenue had a total of four lanes, with two lanes running in each direction and a grass median in the center. Plaintiff was driving in the left lane, i.e., the median was immediately to his left. Plaintiff testified that a car passed him on the left side (by driving onto the median) and sideswiped him in the process. After the car hit plaintiff, it drove away. Plaintiff did not see the unknown car before it hit him, and he only saw the taillights as it drove away. He was not able to describe the make, model, or color of the unknown car.

Plaintiff initially stopped his car in the roadway. He did not immediately feel any pain, but he felt like he was going to pass out, and his mouth did not feel right. He drove his car

-1-

home. Plaintiff's fiancée, Berniece Bibbs, saw him pull into the driveway. She thought that something was wrong because plaintiff drove over the grass and parked oddly. When plaintiff got out of his car, Bibbs noticed that there was something wrong with his mouth, and his speech was slurred. Plaintiff was diagnosed as having had an ischemic stroke. He incurred substantial medical bills. Irvine provided the majority of plaintiff's medical treatment.

Plaintiff eventually filed a lawsuit against defendant claiming unpaid personal protection insurance (PIP) benefits. Irvine later moved to become an intervening plaintiff. Plaintiff opposed the motion, and defendant took no stance. The trial court granted Irvine's motion to intervene.

Defendant later moved for summary disposition and made three arguments, with one being that there was no genuine issue regarding whether plaintiff's stroke arose out of his use of a motor vehicle.[1] Defendant asserted that plaintiff's use of a motor vehicle was merely coincidental and that any motor vehicle accident occurred after plaintiff had had his stroke, which would bar the recovery of any PIP benefits. To support its argument, defendant presented evidence from its expert witness, Dr. Brian Kirschner, as well as deposition testimony from plaintiffs' experts, Dr. Peter Gumma and Dr. David Frecker. Dr. Kirschner reviewed plaintiff's medical records and opined that the stroke may have caused the collision, but that the collision did not cause plaintiff's stroke. Although defendant acknowledged that both Dr. Gumma and Dr. Frecker opined that the accident caused defendant's stroke, defendant argued that their testimonies should not be considered. Defendants pointed out that Dr. Gumma admitted he was not a neurologist and therefore not an expert in stroke matters and that Dr. Frecker repeatedly testified that the association between accidents and strokes is "very rare."

Plaintiff, in response, addressed another of defendant's arguments pertaining to UM coverage, but he did not address defendant's claim that there was no evidence to show that the accident caused the stroke.

The trial court granted defendant's motion with respect to both the claim for UM benefits and the claim for PIP benefits. Regarding the claim for PIP benefits, the trial court ruled that the causal link between plaintiff's use of his motor vehicle and his stroke "is simply not present."

---

[1] The other two arguments defendant raised related to coverage under the policy's uninsured motorist (UM) provision. With respect to UM coverage, defendant argued that (1) plaintiff was barred from recovery because plaintiff failed to report the accident to police in accordance with the terms of the policy and (2) plaintiff could not recover because there was no other vehicle involved in the accident. On appeal, plaintiff does not challenge the trial court's grant of summary disposition with respect to any claims for UM benefits. Therefore, the validity of any UM claim is not before us. See Note 3, *infra*.

## I. INTERVENING PLAINTIFF IRVINE

We first address plaintiff's argument that the trial court erred in granting Irvine's motion to intervene. We review a trial court's decision on a motion to intervene for abuse of discretion. *Vestevich v West Bloomfield Twp*, 245 Mich App 759, 761; 630 NW2d 646 (2001).

The Michigan Supreme Court in *Covenant Med Ctr, Inc, v State Farm Mut Auto Ins Co,* 500 Mich 191, 218; 895 NW2d 490 (2017), held that "[a] healthcare provider possesses no statutory cause of action under the no-fault act against a no-fault insurer for recovery of PIP benefits." Therefore, plaintiff is the only party with a cause of action against defendant. Further, this Court has determined that *Covenant* applies retroactively. See *W A Foote Mem Hosp v Mich Assigned Claims Plan*, 321 Mich App 159, 184; 909 NW2d 38 (2017). Thus, it is clear that Irvine has no cause of action against defendant. As such, because Irvine was asserting claims against defendant, when such claims were legally barred, we reverse the trial court's order granting Irvine's motion to intervene.

## II. SUMMARY DISPOSITION

On appeal, plaintiff argues that the trial court erred in granting defendant's motion for summary disposition with respect to his claim for PIP benefits because there was a genuine issue of material fact as to whether plaintiff's stroke arose out of the use of his motor vehicle.[2] We agree.

We review de novo a trial court's decision regarding a motion for summary disposition. *Old Kent Bank v Kal Kustom, Inc*, 255 Mich App 524, 528; 660 NW2d 384 (2003). A motion for summary disposition pursuant to MCR 2.116(C)(10) tests whether there is factual support for a claim. *Universal Underwriter's Group v Allstate Ins Co*, 246 Mich App 713, 720; 635 NW2d 52 (2001). When deciding a motion for summary disposition pursuant to MCR 2.116(C)(10), we must consider all pleadings, affidavits, depositions, and other documentary evidence in the light most favorable to the nonmoving party. *Cowles v Bank West*, 476 Mich 1, 32; 719 NW2d 94 (2006). The motion is properly granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Gurski v Motorists Mut Ins Co*, 321 Mich App 657, 656; 910 NW2d 385 (2017).

Notably, in its motion for summary disposition, defendant submitted the deposition testimonies of Dr. Gumma and Dr. Frecker. Nevertheless, in doing so, defendant claimed that Dr. Gumma's and Dr. Frecker's conclusions that the accident caused plaintiff's stroke were

---

[2] Defendant claims that plaintiff has abandoned or waived this issue because he failed to raise it in the lower court. We disagree with defendant because (1) defendant, in moving for summary disposition, initially raised the issue in the trial court, and (2) in moving for summary disposition, defendant had the initial burden to show that there is no genuine issue of material fact. See *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). Thus, the fact that plaintiff did not make this argument is beside the point when, as discussed herein, the evidence defendant presented in support of its motion, on its face, shows that a genuine issue of fact exists.

unsustainable.  However, we hold that such determinations are for a fact-finder to decide.  First, defendant supplies no authority in support of its view that Dr. Gumma's opinion was inadequate because he was not a neurologist specialist.  In any event, Dr. Frecker was a neurologist.  And while Dr. Frecker opined that it was exceedingly rare for a car accident to cause a stroke, that is precisely what he said happened in this case.  In giving the benefit of the doubt to the non-moving party, *Cowles*, 476 Mich at 32, we conclude that reasonable minds could differ on the issue of causation.  The trial court improperly made a credibility and factual determination when it found that plaintiff's stroke was not caused by the motor vehicle accident.  Consequently, we reverse the grant of summary disposition on plaintiff's claim for PIP benefits.[3]

Reversed and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Jonathan Tukel
/s/ Anica Letica

---

[3] On appeal, plaintiff never expressly challenges the trial court's grant of summary disposition related to his claims under the UM provision of the policy.  Moreover, he only lists the stroke causation issue related to PIP benefits in his statement of the questions presented.  Accordingly, to the extent any discussion in his brief on appeal could be viewed as arguing that the court also erred with respect to dismissing his claims for benefits under the UM coverage, that issue is abandoned, and we decline to address it.  See *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 221; 761 NW2d 293 (2008).