# Court of Appeals, State of Michigan

## ORDER

Estate of Teodorico Q Gomez v Ronel Raad Hana

Docket No.    341812

LC No.    2015-003971-NI

Colleen A. O'Brien
Presiding Judge

Kathleen Jansen

Amy Ronayne Krause
Judges

          The Court orders that the motion for reconsideration is GRANTED, and this Court's opinion issued March 19, 2019 is hereby VACATED.  A new opinion is attached to this order.

Colleen A. O'Brien

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

May 7, 2019
Date

Chief Clerk

*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF TEODORICO Q. GOMEZ, by DAISY STEWART, Personal Representative, MADOLORA A. GOMEZ, and TED D. GOMEZ,

      Plaintiffs-Appellees,

and

EMPOWER PT AND FITNESS,

      Intervening Plaintiff,

v

RONEL RAAD HANA, RAAD S. HANA, and MICHAEL JEFFREY YAX,

      Defendants,

and

FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN,

      Defendant-Appellant.

UNPUBLISHED
May 7, 2019

No. 341812
Macomb Circuit Court
LC No. 2015-003971-NI

ON RECONSIDERATION

Before: O'BRIEN, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant, Farm Bureau General Insurance Company of Michigan, appeals as of right an order of judgment entered in favor of plaintiffs in this action seeking uninsured motorist (UM) benefits. We vacate the order of judgment, reverse the trial court order denying Farm Bureau summary disposition, and remand.

## I. RELEVANT FACTUAL BACKGROUND

This case arises from a motor vehicle accident that occurred on December 5, 2014. Plaintiffs alleged that their vehicle, which was being driven by plaintiff Teodorico Gomez, was struck by a vehicle being operated by defendant Ronel Hana and owned by defendant Raad Hana (collectively, the Hana defendants). A vehicle driven by defendant Michael Yax was indirectly involved in the incident.

It is undisputed that, at the time of the accident, the Hana defendants were uninsured for purposes of this lawsuit, and Yax was insured by USAA under a policy with bodily injury liability limits of $100,000 a person and $300,000 a crash. USAA offered its policy limits to plaintiffs, but plaintiffs did not accept the offer.

Plaintiffs sought UM benefits from Farm Bureau under a policy issued to Teodorico. The policy provided for UM benefits in the amount of $100,000 a person and $300,000 an occurrence. The policy provided, in relevant part:

> 3. The amount payable for this Uninsured Motorist Coverage will be reduced by any amounts paid or payable for the same bodily injury:
>
> * * *
>
> c. by or on behalf of any person or organization who may be legally liable for the bodily injury to the extent of any insurance applicable, and any assets not exempt from legal process.

Plaintiffs filed this action, seeking UM benefits from Farm Bureau. Farm Bureau moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that it was entitled to a setoff for any amounts paid or payable by Yax, who was legally liable for the same bodily injury to plaintiffs. Farm Bureau asserted that summary disposition was proper because Yax's insurer, USAA, had offered to pay its full policy limits, which were equal to Farm Bureau's UM limits. According to Farm Bureau, it was entitled to a setoff for amounts paid or payable, which reduced plaintiffs' recovery for UM benefits to $0.

In response, plaintiffs argued that Farm Bureau was not entitled to a setoff because Farm Bureau's UM limits were applicable to plaintiffs' claims against the Hana defendants and plaintiffs' claims against Yax were completely separate. Plaintiffs argued that the liabilities of Yax and the Hana defendants were not for amounts to be paid for the same bodily injury because Michigan law now requires an apportionment of damages pursuant to MCL 600.2956. Therefore, according to plaintiffs, no amounts payable on behalf of Yax were paid or payable on behalf of whatever percentage of fault was caused by the Hana defendants.

The trial court denied Farm Bureau's motion for summary disposition without prejudice. The trial court stated that "the current statutory scheme provides for several, rather than joint, liability," and concluded: "Inasmuch as the percentage of fault between the Hana defendants and Yax has not yet been determined, the Court finds that Farm Bureau's motion is premature." Thereafter, pursuant to a stipulation by the parties, the trial court awarded each plaintiff

$100,000 against Farm Bureau, reserving Farm Bureau's appellate rights regarding the issues presented in the motion for summary disposition. This appeal followed.

## II. ANALYSIS

Farm Bureau contends that the trial court erred by denying its motion for summary disposition because the fact that there is $300,000 payable for the accident under Yax's insurance policy eliminated any potential UM exposure under the Farm Bureau policy. We agree.

This Court reviews de novo a trial court's ruling on a motion for summary disposition. *Sanders v McLaren-Macomb*, 323 Mich App 254, 264; 916 NW2d 305 (2018). Under MCR 2.116(C)(10),

> [s]ummary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. In deciding a motion under MCR 2.116(C)(10), a court reviews the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party. [*Id.* (quotation marks and citations omitted).]

This Court also reviews de novo the construction and interpretation of an insurance contract. *Gurksi v Motorists Mut Ins Co*, 321 Mich App 657, 665; 910 NW2d 385 (2017).

UM coverage "is not required by Michigan law, and the terms of coverage are controlled by the language of the contract itself, not by statute." *Dawson v Farm Bureau Mut Ins Co of Mich*, 293 Mich App 563, 568; 810 NW2d 106 (2011). As this Court stated in *Gurski*, 321 Mich App at 666:

> When interpreting an insurance contract, [w]e look at the language of the insurance policy and interpret its terms in accordance with the principles of contract construction. The primary rule in contract interpretation is to ascertain the parties' intent. If the contractual language is unambiguous, courts must interpret and enforce the contract as written because an unambiguous contract reflects the parties' intent as a matter of law. Unambiguous contractual language is to be construed according to its plain meaning. And [c]lear and specific exclusionary provisions must be given effect, but are strictly construed against the insurer and in favor of the insured. [Quotation marks and citations omitted.]

As noted, pursuant to the terms of the Farm Bureau policy, any amounts payable for UM coverage "will be reduced by any amounts paid or payable for the same bodily injury . . . by or on behalf of any person . . . who may be legally liable for bodily injury to the extent of any insurance applicable, and any assets not exempt from legal process." Farm Bureau contends that the amount offered by Yax's insurer, which was an amount equal to Farm Bureau's UM limits, was an amount "payable for the same bodily injury."

In plaintiffs' view, Yax and the Hana defendants were only liable for the injuries they each caused and, therefore, the amount offered by Yax's insurer was not for same bodily injury as Farm Bureau would be covering for the Hana defendants. The trial court agreed in effect,

-3-

ruling that because the statutory scheme provides for several, rather than joint, liability, it was necessary for the percentage of fault between the Hana defendants and Yax to first be determined.

MCL 600.2956 provides for several liability in tort actions seeking damages for personal injury. This means that each defendant is responsible only for his or her percentage of fault. See MCL 600.6304(4). According to Farm Bureau, while a jury may apportion different amounts of fault for causing the injury, the Hana defendants and Yax caused the same injuries. Plaintiffs, however, contend that a jury could determine that certain injuries were caused by the Hana defendants and certain injuries were caused by Yax.

The resolution of this issue turns on whether any injury caused by the Hana defendants and Yax is divisible, or whether they caused a single, indivisible injury. If, as Farm Bureau suggests, there is a single, indivisible injury, then the Hana defendants and Yax would be liable for the same bodily injury and the apportionment of fault would be irrelevant. If, however, any injury can be divided, then the amount offered by Yax's insurer for the injuries caused by Yax would not be for the same bodily injury as caused by the Hana defendants.

Plaintiffs alleged severe injuries, including traumatic brain injuries, spinal injuries, and injuries to their hips, pelvis, and upper and lower extremities. The second amended complaint alleged that both the Hana defendants and Yax caused these injuries. Unlike death, these injuries were potentially divisible. See *Markley v Oak Health Care Investors of Coldwater, Inc*, 255 Mich App 245, 252; 660 NW2d 344 (2003) (stating that death is a single, indivisible injury).

In denying Farm Bureau's second motion for summary disposition, the court provided in its order that plaintiffs "allege that the vehicle T. Q. Gomez was driving was also struck by the vehicle that [Yax] was driving when that vehicle changed lanes." However, plaintiffs failed to allege in the trial court that two separate impacts occurred – one between plaintiffs' vehicle and the vehicle of the Hana defendants, and one between plaintiffs' vehicle and Yax's vehicle. Rather, plaintiffs alleged in their amended complaint, as well as their response to Farm Bureau's second motion for summary disposition, that the Hana defendants and Yax were engaged in "road rage" when Yax swerved, and quickly changed lanes, causing the Hana defendants to cross the center line, and collide with plaintiffs' vehicle. Plaintiffs assert for the first time on appeal that a question of fact exists regarding whether there was a second impact between their vehicle and Yax's vehicle.

In response to Farm Bureau's second motion for summary disposition, plaintiffs had the burden of demonstrating by evidentiary materials that a genuine issue of material fact existed. MCR 2.116(G)(4). Plaintiffs failed to do so. Rather, they alleged that there was a collision between plaintiffs and the Hana defendants only, and the traffic crash report filed in the lower court identified Yax as a "no contact driver." Plaintiffs asserted that a witness saw the road rage occur, Yax did not stop at the scene of the accident, and police later found Yax because a witness followed his vehicle.

"[A] plaintiff is only entitled to one full recovery for the same injury. An injured party has the right to pursue multiple tortfeasors jointly and severally and recover separate judgments; however, a single injury can lead to only a single compensation." *Kaiser v Allen*, 480 Mich 31,

39; 746 NW2d 92 (2008). There is no genuine issue of material fact that only one impact occurred, which was between plaintiffs and the Hana defendants. Plaintiffs failed to establish that they incurred divisible injuries based on the one impact with the Hana defendants, and therefore, the collision caused a single, indivisible injury, rendering an apportionment of fault irrelevant. Therefore, the trial court erred in denying Farm Bureau summary disposition because there was no genuine issue of material fact that the Hana defendants caused each plaintiff a single, indivisible injury, because there was no impact between the vehicles of plaintiffs and Yax.

Because there was a single bodily injury, the provision in the Farm Bureau policy applied to reduce the amount payable for UM coverage. Plaintiffs argue on appeal that USAA's offer was not an amount payable because it was not accepted, but this argument was not asserted in the lower court. Nonetheless, this argument is without merit. The word "payable" is defined as "that may, *can*, or must be paid." *Merriam-Webster's Collegiate Dictionary* (2014) (emphasis added). Thus, the amount payable is what could have been received on the basis of the tortfeasor's policy limits, not what was actually paid. The language of the policy provision is clear and unambiguous. USAA offered to pay plaintiffs the policy limits of $100,000 a person and $300,000 a crash. Farm Bureau is entitled to an offset in this amount, which equals the policy limits provided by Farm Bureau.

The order denying Farm Bureau summary disposition is reversed, the stipulated judgment awarding each plaintiff $100,000 payable by Farm Bureau is vacated, and this matter is remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Kathleen Jansen
/s/ Amy Ronayne Krause