*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF MM,

      Plaintiff-Appellant,

v

KEVONTAE FOLEY,

      Defendant,

and

CITIZENS INSURANCE COMPANY OF THE MIDWEST,

      Defendant-Appellee.

UNPUBLISHED
January 14, 2026
2:16 PM

No. 372035
Wayne Circuit Court
LC No. 23-008484-NI

Before: GADOLA, C.J., and REDFORD and RICK, JJ.

PER CURIAM.

Following a stipulated order of dismissal, plaintiff, Estate of MM,[1] appeals as of right the trial court's earlier order granting summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) in defendant Citizens Insurance Company of the Midwest's ("Citizens") favor and dismissing plaintiff's underinsured motorist ("UIM") claim. On appeal, plaintiff argues the trial court erred by concluding the language of the parties' UIM policy excluded benefits when the claimant was operating an off road vehicle ("ORV") during an accident. We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

On September 22, 2022, MM was operating a dirt bike at the intersection of Oakland Avenue and Lynn Street in Detroit, Michigan. While MM was in the intersection, he collided with a Buick Grand Marquis driven by defendant Kevontae Foley and was severely injured. At the time

---

[1] MM is a legally protected individual.

of the accident, MM was an additional insured on his parents' car insurance policy with Citizens. Plaintiff sought both first-party and UIM benefits on behalf of MM. Citizens paid the claim for first-party benefits, but denied the claim for UIM coverage. In support of the denial, the insurance adjuster cited a provision in the policy which excludes UIM coverage for bodily injury arising from the use of an ORV.

Thereafter, plaintiff filed a two-count complaint, alleging a negligence claim against Foley and a breach-of-contract claim against Citizens for the denial of UIM benefits. In lieu of filing an answer, Citizens sought summary disposition of the breach-of-contract claim on the basis that the unambiguous language of the policy excludes benefits when the claimant was operating an ORV. Citizens did not dispute that the vehicle Foley was driving during the accident was an underinsured motor vehicle, which would generally qualify an insured for UIM benefits; however, the policy did not provide UIM coverage for " 'bodily injury' arising from the operation or use of any . . . off road vehicle." In Citizens's view, MM's admitted conduct of driving the dirt bike during the accident disqualified him from UIM coverage.

In response, plaintiff agreed that he was driving a dirt bike during the accident and that a dirt bike was an ORV. However, plaintiff argued the policy was silent regarding the status of the insured's vehicle at the time of the accident and was consistent with the no-fault act, MCL 500.3101 *et seq*., which provides that a "person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle" in certain situations. MCL 500.3135. In plaintiff's view, the relevant vehicle for purposes of coverage was the at-fault driver's vehicle. The circuit court agreed with Citizens and granted summary disposition with respect to the UIM claim. Subsequently, it denied plaintiff's motion for reconsideration. After the remaining parties stipulated to dismiss plaintiff's claim against Foley, this appeal followed.

## II. STANDARDS OF REVIEW

We review de novo a trial court's decision on a summary disposition motion. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Id*. at 120. "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). A court properly grants summary disposition when the moving party establishes, except for the amount of damages, there is no genuine issue as to any material fact. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *El-Khalil*, 504 Mich at 160 (quotation marks and citation omitted). We also review the construction and interpretation of an insurance contract de novo. *Gurski v Motorists Mut Ins Co*, 321 Mich App 657, 665; 910 NW2d 385 (2017).

A trial court's decision to deny a motion for reconsideration is reviewed for abuse of discretion. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Shawl v Spence Bros, Inc*, 280 Mich App 213, 220-221; 760 NW2d 674 (2008) (quotation marks and citation omitted). To be granted, a motion to reconsider must

demonstrate (1) palpable error which misled the court and parties and (2) that correcting said error would result in a different outcome. MCR 2.119(F)(3).

### III. SUMMARY DISPOSITION

Plaintiff argues that the trial court erred by granting Citizens's motion for summary disposition because MM is entitled to collect UIM benefits from Citizens as a matter of law under the plain language of the insurance contract and corresponding law. We disagree.

The UIM coverage in the insurance policy provides coverage in the following circumstance:

> We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury":
>
> 1. Sustained by an "insured"; and
>
> 2. Caused by an accident.
>
> The owner's or operator's liability for these damages must arise out of the ownership maintenance or use of the "underinsured motor vehicle".

The policy defines an "underinsured motor vehicle" as a "land, 'auto' or trailer of any type, to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage." Notably, the policy excludes "off road vehicles" from the definition of "underinsured motor vehicles." Finally, as relevant to this appeal, the policy does not provide UIM coverage for:

> 5. "Bodily injury" to any person arising from the operation or use of a motorcycle or moped.
>
> 6. "Bodily injury" arising from the operation or use of any all-terrain vehicle, a golf cart, a snowmobile, a dune buggy, an *off road vehicle*, a power driven mobility device and a commercial quadricycle or any other vehicle not required to maintain liability insurance under the motor vehicle code. [Emphasis added.]

As an initial matter, plaintiff relies on the statutory language in Michigan's no-fault act that "[a] person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle . . ." to support its theory as to the meaning of the policy language. MCL 500.3135(1). Insurers have no obligation under Michigan's no-fault act to provide UIM coverage. *Gueye v State Farm Mut Auto Ins Co*, 343 Mich App 473, 481; 997 NW2d 307 (2022). Because UIM benefits are not statutorily mandated, they are controlled only by the language of policy. *Dawson v Farm Bureau Mut Ins Co of Mich*, 293 Mich App 563, 568; 810 NW2d 106 (2011). Therefore, plaintiff's arguments regarding MCL 500.3135(1) are inapplicable and we interpret the policy terms without reference to any statutes such as the no-fault act. *Gueye*, 343 Mich App at 481.

Insurance policies are contracts and are, therefore, subject to the same principles of construction applicable to contracts. *Rory v Continental Ins Co*, 473 Mich 457, 461; 703 NW2d 23 (2005). "This Court's goal in interpreting a contract is always to ascertain and give effect to the intent of the parties as reflected in the plain language of the contract." *Patel v FisherBroyles, LLP*, 344 Mich App 264, 271-272; 1 NW3d 308 (2022). We construe insurance policies "as a whole and meaning should be given to all terms." *Royal Prop Group, LLC v Prime Ins Syndicate, Inc*, 267 Mich App 708, 715; 706 NW2d 426 (2005). Likewise, we avoid interpretations of a contract that would render part of it surplusage or nugatory. *Id*. Additionally, this appeal involves application of an exclusionary clause in the policy. "Exclusionary clauses in insurance policies are strictly construed in favor of the insured." *Hayley v Allstate Ins Co*, 262 Mich App 571, 574; 686 NW2d 273 (2004) (quotation marks and citation omitted). However, "[c]lear and specific exclusions must be given effect because an insurance company cannot be liable for a risk it did not assume." *Id*. (quotation marks and citation omitted).

In this appeal, the insurance policy unambiguously excludes UIM coverage for bodily injury "arising from the operation or use of . . . an off road vehicle . . . ." Plaintiff contends that this clause solely refers to the at-fault driver's operation of the underinsured vehicle and not the insured party. However, the exclusionary clause makes no reference to the other vehicle involved in the accident. Plaintiff essentially asks this Court to add language to the exclusionary clause. We decline to do so because the task before this Court is to enforce the policy as written. *Royal Prop Group, LLC*, 267 Mich App at 715.

Plaintiff's interpretation of the exclusionary clause would render it and other portions of the policy nugatory. *Id*. By definition, UIM benefits are dependent on another motor vehicle being involved in the accident and the driver of that vehicle being at fault for the accident. The policy expressly excludes ORVs from its definition of an "underinsured motor vehicle." Given the policy's express exclusion of ORVs from the definition of an underinsured motor vehicle, the only logical interpretation of the exclusionary clause is that the exclusion refers to the vehicle operated or occupied by the injured party. Accordingly, if another ORV had struck MM, UIM benefits would not have been available to MM under the general terms of the policy.

Applying the plain language of the exclusion, MM is not entitled to UIM benefits. MM was operating an ORV at the time of the accident, and the nature and severity of his injuries were likely affected by his use of an ORV. Consequently, his injuries arose from his operation or use of an ORV, which expressly excluded him from coverage. The trial court did not err by granting summary disposition in Citizen's favor of plaintiff's breach-of-contract claim.

## IV. MOTION FOR RECONSIDERATION

Plaintiff also argues that the trial court abused its discretion by denying its motion for reconsideration. Plaintiff contends that statements made by counsel for Citizens during the hearing on Citizens's motion for summary disposition raised material facts which were relevant to the trial court's decision to grant summary disposition and dismiss plaintiff's claim against Citizens. We disagree.

During the hearing on Citizens's motion for summary disposition, counsel for Citizens stated that "we wouldn't owe . . . uninsured or underinsured motorist benefits, but for the fact that

there was a liable owner or operator of an uninsured motorist a motor vehicle." While this statement does confirm that UIM coverage in this matter would have resulted from Foley's use of an underinsured motor vehicle absent an applicable exclusion, this statement does not change the underlying facts that formed the basis of its denial of plaintiff's UIM claim. Rather counsel's statement is consistent with the plain language of the policy. Because Foley was driving an underinsured vehicle and MM suffered a serious bodily injury, he would have qualified under the general terms of the UIM policy. However, because he was operating an ORV at the time of the accident, the policy's exclusion from coverage was applicable. This is made clear by additional statements made by counsel for Citizens: "yes, bodily injury is the only way you get into this category, but it has to then arise out of the use of an underinsured motor vehicle." The statements made by counsel for Citizens were not admissions of material facts, but merely an explanation of Citizens's argument in favor of summary disposition.

On appeal, plaintiff also relies on *Milne v Robinson*, 339 Mich App 682; 984 NW2d 844 (2021) to support its argument that the accident was not excluded from UIM coverage. In *Milne*, the Court noted that neither party in that appeal disputed that an ORV fell within the definition of motor vehicle for purposes of the Michigan Vehicle Code. *Id*. at 685 n 2, quoting MCL 324.81101(u). However, as already explained, this case turns solely on the interpretation of the language in the insurance policy and nothing in the language of the insurance policy indicates that it incorporated the definition of "motor vehicle" from Michigan's Vehicle Code. See *Gueye*, 343 Mich App at 481. The statutory definition of "motor vehicle" in a distinct legal context is irrelevant to the intention of the parties to the insurance policy.

On this record, the trial court did not abuse its discretion by denying plaintiff's motion for reconsideration based on its conclusion that plaintiff presented arguments already raised in the motion for summary disposition. The statements from the motion hearing did not undermine that the plain language of the insurance policy excludes UIM benefits for bodily injury arising out of the use of an ORV. Plaintiff's argument otherwise failed to demonstrate a palpable error by which the court and parties had been misled and failed to show that a different disposition of the motion must result from the correction of that error. MCR 2.119(F)(3). Therefore, the trial court did not abuse its discretion when it declined to reconsider its decision to grant Citizens's motion for summary disposition.

Affirmed.

/s/ Michael F. Gadola
/s/ James Robert Redford
/s/ Michelle M. Rick

-5-